**UNITED STATES, Appellant and Cross-Appellee**

v

**HENRY W. CONRAD, Lieutenant Colonel,
U. S. Air Force, Appellee and
Cross-Appellant**

**14 USCMA 344, 34 CMR 124**

No. 16,854

January 10, 1964

*Major James Taylor, Jr.*, argued the cause for Appellant, United States. With him on the brief was *Colonel Emanuel Lewis*.

*Frederick T. Bauer, Esquire*, argued the cause for Appellee, Accused. With him on the brief were *Major Hugh J. Dolan, Colonel Daniel E. Henderson, Jr.*, and *Lieutenant Colonel Quincey W. Tucker, Jr.*

## Opinion of the Court

KILDAY, Judge:

The accused was convicted, under Article 133, Uniform Code of Military Justice, 10 USC § 933, of indecent exposure while seated in his car on a public street in Riverside, California, and was sentenced to dismissal and total forfeitures. The convening authority approved the conviction and sentence but an Air Force board of review set aside the findings of guilty and the sentence and ordered a rehearing on issues that have been made the subject of certain certified questions submitted by The Judge Advocate General of the Air Force. In addition, this Court granted accused's petition for review on the grounds that the evidence was insufficient as a matter of law to sustain a conviction.

In view of the disposition we make of this case, we need consider only one of the certified questions; that is, whether the law officer was required, *sua sponte*, to give a cautionary instruction regarding evidence of "other offenses."

As background for the charge, the Government introduced testimony of a Mr. Baugh that he observed the accused seated in a Volkswagen parked on Main Street on a warm, sunny, Saturday afternoon. "[M]y first impression was that it was a man without any clothes on." By again passing the car, Mr. Baugh determined that the accused was wearing trunks or had a towel across his lap. Because the accused's actions were suspicious, "the pivot ac-

tion of the head, and watching everybody that came along especially the members of the female sex," the witness called the police. He then continued his surveillance of the accused from a vantage point behind a palm tree until accused drove away approximately fifteen minutes later.

Detective Walters also watched from across the street for what he believed to be some thirty-five minutes. He had responded to Mr. Baugh's call that a nude man was seated in a parked car on Main Street. He satisfied himself that the accused was not nude but was wearing trunks and had a towel across his lap, before taking up his position. During this period of time, the witness testified, the accused acted in much the same manner as related by Mr. Baugh.

Surveillance by Walters was reinstituted later in the afternoon when he was notified that accused had returned. The latter's actions were similar to those mentioned above and the witness watched from inside the Imperial Hardware Store for some sixty-five minutes more. In order to get a better view, Walters stepped inside the display window, thereby raising his eye level some six inches. Toward the end of this period, Walters saw the accused expose himself briefly, whereupon he "decided that I had seen enough to follow up with an arrest."

Walters arrested accused and drove with him, in the latter's car, to the police station. The towel was submitted by Walters to the police labora-

**345**

tory for examination for seminal stains with negative results.

The only other prosecution witness was a female clerk in the Imperial Hardware Store who "kidded" Walters about watching the accused. She observed the accused "constantly moving his head watching all the pedestrians going up and down the street." While waiting on a customer she heard a noise and saw Detective Walters running from the store. She did not testify that she saw the accused expose himself, nor was she asked this question.

Walters further testified that while questioning the accused at the police station, the latter, in effect, admitted having committed other similar acts at prior unstated times and to having a sexual problem of long-standing. In response to Walters' inquiry as to whether he had ever conducted himself in a manner like this previously, the accused allegedly replied, " 'No, not in Riverside.' " Walters then asked, " 'What do you mean, "not in Riverside"?' " and " 'Well, what do you mean not in Riverside? Have you done this someplace else?' " Accused did not answer the question. Subsequently, trial counsel asked Mr. Walters whether he had discussed with the accused the matter as to when the accused first determined upon this course of action. The witness replied:

"Well, by the answer that he had given me earlier when I asked him if he had ever done this before and he answered by stating 'not in Riverside' led me be to believe that he probably had. I mean as a result of that answer, I asked him how long had he had a problem like that and he did not answer. I said 'Well, three months, six months, a year, two years, ten years? How far back does it go?' and all he would say was 'Quite awhile.' "

The defense contended and the board of review held that Walters' testimony as to his questions and the accused's answers constituted evidence of other misconduct not charged, and that the failure of the law officer to give a limiting instruction as to this testimony was

error and, under the circumstances of this case, prejudicial to the substantial rights of the accused.

We agree. In United States v Back, 13 USCMA 568, 33 CMR 100, with a similar question before us, we had occasion to reiterate that when:

". . . evidence of other misconduct not charged is received, it is the duty of the law officer, *sua sponte,* to instruct the court members concerning the limited purpose for which it is admitted. United States v Bryant, . . . [12 USCMA 111, 30 CMR 111]; cf. United States v Hoy, . . . [12 USCMA 554, 31 CMR 140]." [13 USCMA at page 571.]

See also United States v Lewis, 14 USCMA 79, 33 CMR 291. However, as we stated in *Lewis,* "It is necessary . . . to determine whether the omission harmed the accused." United States v Back, supra; United States v Hoy, supra; United States v Sellers, 12 USCMA 262, 30 CMR 262.

In the case at bar, the evidence for the prosecution is minimal, albeit sufficient. The accused categorically denied committing the act charged and the only witness who viewed the "willful and wrongful exposure," Detective Walters, admitted that his view of the exposure was only for "an instant." This witness also testified that during the time he had the accused under observation, different periods of thirty-five and sixty-five minutes, he saw no one give any indication that they viewed anything which disturbed them. This despite the fact that an unknown man and woman stopped and conversed with the accused while the latter was in his car. Aside from Walters' instantaneous perception, the evidence for the prosecution amounts to no more than suspicion and conjecture.

In addition to his denial, accused presented photographs of himself seated in his Volkswagen parked parallel to the curb in front of the Imperial Hardware Store. The photographer testified that the pictures were taken from inside the display window and that the level of the lens of the camera was the same as the eye level of a man the height of the

witness Walters. Although the accused's lap is not visible in these photographs, the witness Walters insisted that from his position he "could see all of the Colonel's lap." Accused also presented extensive evidence of his good character and reputation as. well as a number of his officer effectiveness reports, the last three of which, covering the period July 1, 1960, to date, rate him as an "excellent officer seldom equaled."

Trial counsel apparently thought the above referred to statements sufficiently prejudicial to elicit them by examination of Walters and to probe deeply into them on cross-examination of the accused. See United States v Robertson, 14 USCMA 328, 34 CMR 108. In addition, he referred to these admissions in his argument on findings as having been made "before the accused thought fit, saw fit to protest his innocence."

The posture of the evidence in this case presents more than a fair risk that the rights of the accused were substantially prejudiced by the law officer's failure to limit the court's consideration of the accused's alleged prior misconduct. We stated in United States v Back, supra:

> ". . . Certainly, the evidence is not such as to impel a morally certain conviction of accused's guilt in the minds of the fact finders. Nor may it fairly be stated that the unrestricted consideration of the evidence of other misconduct had no effect in their deliberations." [13 USCMA at page 572.]

Accordingly, the certified question is answered in the affirmative. In view of the disposition we take in this case, in the event of a rehearing attention is directed to our opinion in United States v Robertson, supra. The record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.