UNITED STATES, Appellee

v

HERBERT L. DONLEY, Private, U. S. Army, Appellant

15 USCMA 530, 36 CMR 28

No. 18,936

November 5, 1965

*Colonel Joseph L. Chalk* and *Lieutenant Colonel Martin S. Drucker* were on the brief for Appellant, Accused.

*Colonel Joseph J. Crimmins, Lieutenant Colonel Francis M. Cooper,* and *Captain Louren R. Wood* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Tried by general court-martial, the accused pleaded guilty to a charge of unauthorized absence, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and not guilty to a count of breach of correctional custody, in violation of Code, supra, Article 134, 10 USC § 934.

In connection with the latter offense, evidence was introduced tending to establish accused was punished under Code, supra, Article 15, 10 USC § 815, for undescribed misconduct and thereafter placed in correctional custody. Eventually, he absented himself without authority. Concerning the inferences of uncharged misconduct involved in the evidence regarding the administration of nonjudicial punishment, the law officer instructed the court as follows:

". . . In regard to the Article 15 punishment, the accused may have been a 'bad boy' in receiving this Article 15 punishment. But, if he is to be convicted today he must be proved guilty beyond a reasonable doubt of the offense for which he is being tried today before this court."

The instruction is prejudicially deficient, in that it fails to advise the court members that they might not convict the accused because he was a bad man, nor consider such evidence in determining his guilt or innocence of the offense charged, except insofar as it established he was properly subjected to restraint. United States v Conrad, 14 USCMA 344, 34 CMR 124; *id.,* 15 USCMA 439, 35 CMR 411; United States v Back, 13 USCMA 568, 33 CMR 100.

The petition for review is granted. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Army. The board may reassess the sentence on the basis of the findings of guilty of unauthorized absence or direct a rehearing on the breach of custody offense and the penalty.