UNITED STATES, Appellee

v

BOBBY J. JOHNSON, Specialist Four, U. S. Army, Appellant

17 USCMA 479, 38 CMR 277

No. 20,869

April 5, 1968

*Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Captain Frederick L. Haag* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major R. Kevin McHugh,* and *Captain Balfe R. Wagner* were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Evidence of other acts of misconduct by the accused, including communicating a threat, was introduced in connection with charges resulting from an assault upon a sergeant. Assuming admissibility of the evidence, there were no instructions as to the limited purpose for which it could be considered by the court members. United States v Bryant, 12 USCMA 111, 115, 30 CMR 111. The Government's case rests upon the testimony of alleged accomplices and an identification of the accused by the victim under unusual circumstances. Considering all the evidence,

including the accused's denial of complicity, we are convinced the error is prejudicial as to Charges I, II, and III. United States v Gewin, 14 USCMA 224, 34 CMR 4; United States v Donley, 15 USCMA 530, 36 CMR 28. However, the compelling nature of the evidence as to the breaches of restriction indicates there is no fair risk the court members were influenced in their deliberations on these offenses by the other acts of misconduct. Consequently, the findings of guilty of the two specifications of Charge IV can properly be affirmed. See United States v Lewis, 14 USCMA 79, 33 CMR 291.

The decision of the board of review is reversed as to the findings of guilty of Charges I, II, and III, and their respective specifications, and the sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the board of review. In its discretion, the board of review may order a rehearing or dismiss the aforementioned charges and reassess the sentence on the basis of the remaining findings of guilty, and in the light of this opinion.