**UNITED STATES, Appellee,**

v.

**Walter R. GAITER, Corporal, U. S. Marine Corps, Appellant.**

**No. 29,485.**

U. S. Court of Military Appeals.

June 20, 1975.

---

Major D. A. Higley, USMC, argued the cause for Appellant, Accused. With him on the brief was J. Francis Pohlhaus, Esquire.

Lieutenant Ronald J. Waicukauski, USMCR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

## OPINION OF THE COURT

FLETCHER, Chief Judge:

Contrary to his pleas, the appellant stands convicted of robbery and of communicating a threat to injure the victim of the robbery. We granted review on the single question:

WHETHER THE MILITARY JUDGE'S INSTRUCTION ON EVIDENCE OF MISCONDUCT NOT CHARGED VIOLATES THE PROVISIONS OF PARAGRAPH 73(C), MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1969 (REV.), IS INACCURATE, ERRONEOUS AND HIGHLY PREJUDICIAL.

The Government's case consisted of the testimony of four witnesses. McDaniels, the alleged victim, testified that a couple of weeks before the incident, the appellant approached him and asked if he wanted to buy 500 "whites" (amphetamines) for $50. McDaniels replied that he did, but he didn't have any money. On the day of the incident, the appellant approached him about the proposed sale and again McDaniels stated he did not have any money, to which the appellant replied, "McDaniels, I'm going to get you." That night the appellant, together with another person, came to McDaniels' bunk on the second floor of the barracks, punched him in the eye, and demanded $50 in payment for the drugs. When he told them that he did not have $50, the appellant forced him to open his locker, took the stereo set, and threatened to injure him if he told anyone about the incident. McDaniels was subsequently discharged from the Marine Corps for unsuitability.

Rutledge, a former Marine who lived in the same barracks, testified he noticed that something peculiar was happening on the night in question. He went to the appel-lant and asked him what was "going on." The appellant replied that he took McDaniels' "box" (stereo set) because he owed him $50.

Gransbery, another former Marine, also lived in the same barracks as the appellant and McDaniels. He testified that on the night of the incident, two Marines beat up McDaniels and forced him to open his wall locker. He was able to identify the accused as one of the assailants. Later that night, the appellant asked Gransbery if he knew what happened. When he replied that he did, the appellant asked him not to tell anybody.

Corporal Ranjo, the duty noncommissioned officer, observed the appellant and Reynolds walk up to the second floor and noted the appellant returning shortly before McDaniels reported that his stereo had been stolen.

The defense attempted to attack the Government's case by impeaching the Government's witnesses and showing the appellant's reputation as a good noncommissioned officer and as a non-drug user. The appellant elected to take the stand in his own behalf and denied committing the offenses or having any involvement with drugs.

During his rather lengthy instructions, the military judge gave this instruction on uncharged misconduct:

In this case, gentlemen, the accused attempted to sell narcotics or drugs to Private McDANIELS. This is admitted for a limited purpose. Therefore, such evidence can be considered for a limited purpose of identifying the accused as the person [who] committed the offense charged or it proves the guilty intent that the accused intended to steal or rob the stereo set of Private McDANIELS. I wish to emphasize that such evidence may be considered for no other purpose whatsoever. You may not impress from such evidence that the accused has an evil disposition and he therefore committed the acts alleged.

Thus, he instructed the court that the appellant had in fact attempted to sell drugs.

The pertinent part of paragraph 73c, Manual for Courts-Martial, United States, 1969 (Rev.), provides that when a military judge is summarizing or commenting upon the evidence, he should not assume as true the existence or nonexistence of a material fact in issue. The judge should make it clear by the instructions that the members of the court are left free to exercise their independent judgment as to the evidence. This provision was violated when the military judge assumed as true that the appellant attempted to sell drugs, for this issue was vigorously contested at trial. Left for resolution is whether there is a fair risk that appellant was harmed by the military judge's delict. *United States v. Gilliam*, 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974); *United States v. Johnson*, 17 U.S.C.M.A. 479, 38 C.M.R. 277 (1968); *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967). The Government's evidence portrayed the appellant as a person who robbed McDaniels because of an earlier drug transaction. The defense attempted to counter this evidence by showing the accused had a reputation as a good noncommissioned officer and as a non-drug user. The same witnesses that testified to his good military character also testified that he was a non-drug user. Thus, the crucial issue to the defense was whether the members believed that the appellant was involved with drugs. This issue was resolved against the appellant when the military judge instructed that the appellant had attempted to sell drugs.

 Regardless of the lack of objection, it is the duty of the military judge to act on his own initiative in those situations in which he is presented with an issue so intertwined with the elements of the offense that informed consideration by the court members is impossible in the absence of instructional enlightenment. Nor is the doctrine of waiver applicable to an incorrect instruction on a material issue. *United States v. Grosso*, 7 U.S.C.M.A. 566, 23 C.M.R. 30 (1957).

We find that "the evidence is not such as to impel a morally certain conviction of accused's guilt in the minds of the fact finders." *United States v. Back*, 13 U.S.C.M.A. 568, 572, 33 C.M.R. 100, 104 (1963). For the foregoing reasons, the decision of the Court of Military Review is reversed, and the findings of guilty and sentence are set aside. A rehearing may be ordered.

Judge COOK and Senior Judge FERGUSON concur.