**UNITED STATES**

v.

**Airman Ernest A. OYLER, FR 201–46–5130 57th Security Police Squadron U. S. A. F. Tactical Fighter Weapons Center (TAC).**

**ACM S24332.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Dec. 1975.

Decided 13 Feb. 1976.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

**DECISION**

LeTARTE, Chief Judge:

Charged with committing three larcenies of currency from his barracks roommate, the accused pleaded not guilty to Specifications 1–3 of the Charge but guilty of the Charge and the lesser offense of wrongful appropriation respecting Specifications 1 and 3 thereof. He was sentenced to bad conduct discharge, confinement at hard labor for three months, forfeiture of $75.00 per month for three months and reduction in grade to airman basic. The sentence was approved by the convening and reviewing authorities.

In the only error assigned for our consideration, the accused contends that the evidence is insufficient to sustain findings of guilty of those offenses to which he pleaded not guilty. We find no merit in this contention with respect to Specifications 1 and 3, and as to Specification 2, our resolution of the error hereinafter discussed renders the issue moot.

On three separate occasions, 13, 20 and 24 November 1975, currency belonging to the accused's roommate was taken from his wallet. The accused confessed to the wrongful takings on 13 and 24 November, but he denied committing the 20 November offense. In his discussion of the evidence, the author of the staff judge advocate's post-trial review advised the reviewing authority as follows:

[The victim's] testimony (and the responses given by the accused during his pre-findings testimony) also establishes that, as regards Specification 2, both the accused and [the victim] were present in the room when the money was taken, all means of access to the room were secured, and nothing appeared to have been disturbed the next morning. These facts, taken together with the accused's admissions that he had taken money from [the victim] both previously and subsequently under virtually identical circumstances, are sufficient to justify an inference of guilt as to Specification 2. While ordinarily other acts of misconduct may not

be considered when determining the guilt [or] innocence of an accused of a specific offense, an exception is made when all the acts of misconduct constitute a plan or design of the accused (Paragraph 138*g*, MCM, 1969 (Rev. ed.)).

In our opinion, these remarks provided the reviewing authority with an improper standard upon which to judge the accused's guilt of Specification 2 of the Charge. To begin with, paragraph 138*g* of the Manual merely provides certain exceptions to the general rule that evidence of *uncharged* misconduct is not admissible as tending to prove an accused's guilt. Obviously, this provision has no relevance to the circumstances of this case since no uncharged misconduct evidence was introduced by the Government. More importantly, however, there is no legal principle that permits an inference of an accused's guilt to be made on the basis that he had admitted committing other offenses, of which he is charged, under similar circumstances. Cf. *United States v. Caszatt*, 11 U.S.C.M.A. 705, 29 C.M.R. 521 (1960); *United States v. Tobias*, 46 C.M.R. 590 (A.C.M.R. 1972). In fact, the Government is not permitted to use a conviction, or a judicial confession, of one offense as affirmative proof of the existence of an essential fact in the prosecution for another offense. *United States v. Caszatt*, supra.

For the reasons stated, we find that the reviewer's reliance upon the accused's admissions, that he had taken money from his roommate on two separate occasions, to justify an inference of the accused's guilt of the offense he denied committing, was improper. Furthermore, in view of the paucity of evidence directly linking the accused to the crime, the error was clearly prejudicial to the accused's substantial rights.

Rather than return the record to the reviewing authority for a new review and action, we believe justice can best be served by dismissing the affected charge and reassessing the sentence. Having done so, we find that the approved sentence is nonetheless appropriate.

The finding of guilty of Specification 2 of the Charge is hereby set aside, and the Specification is ordered dismissed. The findings of guilty of Specifications 1 and 3 of the Charge and the Charge are correct in law and fact. The findings of guilty, as modified herein, and the sentence are

Affirmed.

EARLY, Senior Judge, and FORAY, Judge, concur.