UNITED STATES, Appellee,

v.

Mark T. MORRIS, Private, U. S. Marine Corps, Appellant.

No. 30,307.

U. S. Court of Military Appeals.

March 19, 1976.

Lieutenant *Alan E. Sherman*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Major D. A. Higley*, USMC.

Lieutenant *Thomas L. Earp*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

## OPINION

FLETCHER, Chief Judge:

After a preliminary investigation revealed a break-in and theft from the hobby shop garage at Cherry Point, North Carolina, Special Agent Barker of the Naval Investigative Service was dispatched to investigate. When he arrived at the scene, the appellant and his companion were in custody having been apprehended earlier by a military policeman who observed them pushing a car into a private driveway near the hobby shop. As a result of the appellant's earlier refusal to permit the military police to search the automobile, Agent Barker approached the appellant and, without warning him of his right to counsel and right to remain silent, again sought his consent to search the vehicle. The appellant orally consented to the search and signed a written document to that effect.[1] According to Agent Barker, he prefaced his consent request with a query as to who owned the automobile. Appellate defense counsel view the appellant's unwarned acknowledgement of ownership[2] to Agent Barker as illegally obtained and contend that it tainted both the consent search which followed as well as a subsequent confession.[3]

We previously have held that neither a *Miranda-Tempia*[4] warning nor an Article

1. In pertinent part, the document states that the accused was "informed of [his] constitutional right to refuse to permit this search in the absence of a search warrant" but that he nevertheless "freely and voluntarily" consented. In addition, the accused acknowledged that no threats were made nor promises extended to him.

2. Appellate defense counsel's argument is, at best, precarious for it implicitly urges that we discount the accused's own testimony at trial in which he *denied* under oath that Agent Barker

had questioned him regarding ownership of the automobile.

3. The stolen property was found in the trunk of the accused's vehicle. In addition, the accused subsequently acknowledged breaking into the station hobby shop and also admitted his role in the theft of a battery and some automotive tools.

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

**354**

31[5] warning must precede a consent-to-search request. *United States v. Rushing*, 17 U.S.C.M.A. 298, 38 C.M.R. 96 (1967); *United States v. Insani*, 10 U.S.C.M.A. 519, 28 C.M.R. 85 (1959). Implicit within an individual's consent to a search is an acknowledgement of ownership or, at the very least, dominion and control over the property to be searched. Thus, in deciding *Rushing* and *Insani*, the Court necessarily concluded that such an acknowledgement would not constitute a statement in response to an "interrogation" and hence fell outside the scope of *Miranda* and Article 31. The same rationale controls here. Even assuming Agent Barker sought to identify the owner of the vehicle, as appellate defense counsel contend, such inquiry even though custodial was not an "interrogation," that is, a questioning designed or likely to induce an admission regarding a suspected offense. *United States v. Graham*, 21 U.S.C.M.A. 489, 45 C.M.R. 263 (1972); *United States v. Neely*, 47 C.M.R. 780 (AFCMR 1973).[6] Hence, no warnings as to counsel or the accused's right to remain silent were required.

The decision of the United States Navy Court of Military Review is affirmed.

Judge COOK concurs in the result.

FERGUSON, Senior Judge (dissenting):

In my opinion, rendering a suspect his *Miranda-Tempia*[1] and his Article 31[2] warnings when the requisite attention has focused upon him is a necessary predicate to introducing at trial his statement of consent to a search, the fruit of which is sought to be admitted into evidence. See my dissenting opinions in *United States v. Rushing*, 17 U.S.C.M.A. 298, 309, 38 C.M.R. 96, 107

(1967), and *United States v. Insani*, 10 U.S.C.M.A. 519, 522, 28 C.M.R. 85, 88 (1959). As I opined in *Rushing*:[3]

> I suggest that no extension of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is involved when a statement of consent is obtained from the accused during the course of a criminal interrogation and used to establish a predicate for the admissibility of incriminating evidence.

Therefore, for the reasons that I developed at great length in *Rushing*, I adhere to my position that:[4]

> I would conclude that, in the case of consent to search obtained during an in-custody interrogation, there is that sort of critical confrontation between the police and the accused which demands the *Miranda* warning.

As a result, respectfully, I must dissent.

---

**5.** Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831.

**6.** The situation would be materially different had the investigator suspected the accused of auto theft at the time he inquired into ownership of the vehicle. *Compare United States v. Graham*, 21 U.S.C.M.A. 489, 45 C.M.R. 263 (1972), *with United States v. Bell*, 9 U.S.C.M.A. 167, 41 C.M.R. 167 (1969).

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

**2.** Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831.

**3.** 17 U.S.C.M.A. at 310, 38 C.M.R. at 108.

