## UNITED STATES

v.

**Sergeant Richard D. WOOLERY, 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, US Army, Combat Support Company, 2d Battalion, 37th Armor, APO New York 09066.**

### CM 434673.

U. S. Army Court of Military Review.

25 March 1977.

Appellate Counsel for the Accused: CPT Michael P. La Haye, JAGC, CPT Lawrence E. Wzorek, JAGC, LTC John R. Thornock, JAGC, COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Nancy Battaglia, JAGC, CPT John F. DePue, JAGC, MAJ John T. Sherwood, Jr., JAGC, COL Thomas H. Davis, JAGC.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant was charged with rape of Brigitte on 18 December 1975 and assault with intent to rape Sylvia on 29 August 1975 in violation of Articles 120 and 134, Uniform Code of Military Justice, respectively (10 U.S.C. §§ 920 and 934). A general court-martial convicted him of rape and acquitted him of assault with intent to rape. He received the approved sentence noted above.

After meeting Sergeant Woolery at a tavern in Erlangen, Germany, on the evening in question, Brigitte testified that appellant offered her and a Private Bova a ride home. After Private Bova was dropped off, instead of taking the prosecutrix home, appellant drove to a forest where he forced her to have sexual intercourse with him. Prosecutrix testified that she did not at any time give her consent and that she resisted to the utmost of her ability. Appellant in his defense admitted the act of sexual intercourse but denied that any force was involved.

The first witness, one Hannelore, whose testimony appellant assigns as error, testified that on 12 July 1975, the accused had persuaded her to accompany him in his car in order to show him where a mutual acquaintance lived. Instead of returning to the bar where he met her, appellant, according to Hannelore, drove to a wooded area where he raped her.

Following this testimony, the military judge instructed the court members that they were to consider it "only for its tendency, if any, to show that the accused, at the time of his alleged attack upon Sylvia . . . had active in his mind a specific intent to rape her."

Appellant also assigns as error the testimony of one Sergeant Olson which revealed an incident where Sergeant Woolery allegedly attacked Olson's ex-wife. Sergeant Olson testified that late one evening during 1974, appellant came to the Olson's apartment while the Olsons were in bed. Mrs. Olson answered the door, while her husband, who did not wish to be disturbed, hid under the covers of the bed. After Mrs. Olson let appellant in, he followed her into the bedroom, pushed her onto the bed and jumped on top of her. He withdrew, however, when Sergeant Olson emerged from under the covers. Sergeant Olson testified that he thought appellant was intoxicated at the time of this incident.

The military judge admitted the testimony concerning Mrs. Olson on the basis that it was permissible rebuttal to an anticipated defense that Sylvia consented to appellant's acts against her. The court members were so instructed.

After the Government concluded its case, the defense called witnesses to establish the defense of consent to both charges. The principle testimony in this regard was given by appellant who claimed that Brigitte, Sylvia and Hannelore each consented to the relations he had with them. He also testified that while he was charged with raping Hannelore, the charges were dismissed following an Article 32, UCMJ investigation. As for the incident with Mrs. Olson, he testified that he knew Sergeant Olson was under the covers and was just joking when he pushed Mrs. Olson onto the bed.

At the conclusion of the evidentiary phase of the trial the military judge again limited the scope of the court's consideration of the alleged incidents involving Hannelore and Mrs. Olson. He instructed the court members in pertinent part that this testimony was admitted only for its tendency, if any, to rebut the defense claim that Sylvia and Brigitte consented to the accused's acts, with respect to each.

The general rule that evidence of other offenses or acts of misconduct of the accused is not admissible as tending to prove the guilt of an accused is followed in military practice. Paragraph 138g, Manual for Courts-Martial, United States, 1969 (Revised edition). However, there are seven exceptions to this general rule which are also followed in military practice.[1] The Government contends that the exceptions applicable here are first, that the evidence of the acts of uncharged misconduct tended to rebut an issue raised by the defense, namely, Brigitte's consent; and second, that such evidence tended to show a plan or bent of mind of the accused to have sexual intercourse with females at his own will, with or without their consent.

We find the reasoning of the opinion in *Lovely v. United States*, 169 F.2d 386 (4th Cir. 1948) persuasive. The facts there were similar to this case in that defendant admitted the intercourse but denied lack of consent on the part of the prosecutrix. The error claimed was admission of testimony that the accused raped another woman several weeks prior to the alleged rape for which he was tried and convicted. The trial court charged the jury that they could consider the evidence of the prior rape to prove "identity, intent, motive, guilty knowledge or as showing a plan or scheme or bent of mind or design of defendant." In reversing this case, the Fourth Circuit Court of Appeals held that in a rape prosecution where intercourse was admitted and the only issue was that of consent, the fact that one woman was raped has no tendency to prove that another woman did not consent.

In the case at bar we conclude that the military judge erred in instructing the court members that they could consider evidence of appellant's alleged offenses against Mrs. Olson and Hannelore to rebut the claim of consent by Brigitte. With consent being the only element at issue relating to the charge of rape, the other

1. Paragraph 138g, Manual, *supra*. *See also United States v. Janis*, 24 U.S.C.M.A. 225, 51 C.M.R. 522, 1 M.J. 395 (1976).

alleged rape and the possible attempted rape were irrelevant.[2]

The erroneous instruction regarding appellant's uncharged offenses against Mrs. Olson and Hannelore does not require automatic reversal. Instead we must measure the impact of this error according to whether appellant was harmed by its improper delineation. *United States v. Gilliam*, 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974). Overwhelming or compelling evidence of guilt will suffice to sustain the findings. *Gilliam, supra; United States v. Satey*, 16 U.S.C.M.A. 100, 36 C.M.R. 256 (1966); *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. Anderson*, 46 C.M.R. 1073 (A.F.C.M.R.1973).

It is clear to the Court that the evidence of appellant's guilt of the rape of Brigitte was overwhelming. She made a fresh complaint[3] to Private Bova by telephone immediately after the incident, as well as to her sister the next day. Brigitte also had bruises on her legs. Additionally, appellant's own testimony, during which he admitted intercourse with Brigitte, gives strong indications that she was an unwilling participant in the sexual act. According to appellant's testimony on both direct and cross-examination, after he commenced intercourse with Brigitte inside a rather small automobile, they fell to the ground outside because of a defective door latch. Appellant testified that Brigitte said at this time "I'm pregnant. I'm pregnant. You're raping me." Again appellant quoted Brigitte saying, as they left the forest, "You raped me. You raped me."

In further support of our finding that there was no "fair risk" that appellant was harmed by the improper instruction regarding the testimony relating to his misconduct with Mrs. Olson and Hannelore, *Gilliam, supra*, we note that the court members did not find this evidence of great enough import to convict appellant of assault with intent to rape Sylvia, the charge upon which this evidence of uncharged misconduct was primarily introduced.

In *Kirby, supra*, the Court of Military Appeals found that compelling evidence of guilt precluded any possibility of prejudice from failure of the (then) law officer to instruct as to the limited use of uncharged misconduct. The court went on to observe that the imposition and intermediate approval of the maximum sentence raised a fair probability of prejudice as to the sentence. In the case at bar, the lack of prejudice is apparent in the lenient sentence appellant received for the serious crime of rape, an offense for which he could have received a sentence of confinement at hard labor for life. We are further strengthened in this finding by the military judge's instruction to the court members to put all evidence of uncharged misconduct out of their minds and to give no consideration to it in reaching a sentence.[4]

Accordingly, we conclude that "the evidence is . . . such as to impel a morally certain conviction of accused's guilt in the minds of the fact finders," *United*

2. We do not preclude admission of such evidence in *all* rape cases where consent of the prosecutrix is the only element at issue. *See e. g., People v. Cassandras*, 83 Cal.App.2d 272, 188 P.2d 546 (1948), *disapproved on other grounds* in *People v. Collins*, 54 Cal.2d 57, 4 Cal.Rptr. 158, 351 P.2d 326 (1960) and *Williams v. State*, 110 So.2d 654 (Fla.Sup.Ct.1959), *cert. den.*, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) wherein evidence of rapes other than, but committed in manner and under circumstances *identical* to that charged, was admitted as being of direct probative value in proving that defendants committed the crimes charged in the fashion described by the victims.

3. "[R]egardless of the rationale employed, it seems true that the [e]vidence of the complaint is admitted on the theory that the natural instinct of the female thus outraged and injured prompts her to disclose the occurrence at the earliest opportunity to the relative or friend who naturally has the deepest interest in her welfare, and it is deemed relevant on the ground that it corroborates her statement that she was assaulted." *United States v. Mantooth*, 6 U.S.C.M.A. 251, 254, 19 C.M.R. 377, 380 (1955).

4. Had these acts of uncharged misconduct been admissible as to the rape charge there would have been no requirement for such an instruction. *See* paragraph 76a (2), Manual, *supra*.

*States v. Back*, 13 U.S.C.M.A. 568, 572, 33 C.M.R. 100, 194 (1963) quoted in *Gilliam, supra*, 23 U.S.C.M.A. 4, 6, 48 C.M.R. 260, 262, and that there is no fair risk the evidence of uncharged misconduct played any part in their deliberations.

The findings of guilty and the sentence are affirmed.

Senior Judge COOK and Judge DeFORD concur.