UNITED STATES

v.

**Airman David W. HARDY, FR 004–62–0778, 6950th Security Squadron, United States Air Forces in Europe.**

**ACM S24493.**

U. S. Air Force Court of Military Review.

17 June 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Gilbert J. Regan.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

HERMAN, Judge:

A special court-martial including members convicted the accused of two specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, after the accused pleaded guilty to Specification 1 and not guilty to the other. The approved sentence is bad conduct discharge, confinement at hard labor for two months, forfeiture of $249.00 per month for two months and reduction to airman basic.

Specification 2 was proved in part, through the following evidence. The Air Force Office of Special Investigations (OSI) received information that merchandise was disappearing from the base commissary during the evening hours. Shortly before midnight on 9 November 1976, when the night crew was due to leave, OSI agents positioned themselves so they could observe the side door of the commissary. About an hour later, they observed several people leave the building and depart in a car. OSI Agent Makris then left his observation point to speak to another agent; on his way back, he saw the accused and Airman Quinn, in uniform, the accused carrying two bags of groceries and the latter carrying another bag of the same. When they passed Agent Makris, he called to them, asking them to come where he was standing. When they did so, he asked whether they had receipts for the items they were carrying, and each replied, "No." He then placed both under apprehension and seized the groceries. The specification in question alleges that the accused stole the items in all three bags of groceries. By proper exceptions and substitutions, he was found guilty of larceny of the items in the two bags he was carrying.

Agent Makris testified that when he called to the accused and Airman Quinn, he did not suspect them of any criminal activity. He was aware that night workers at

the commissary were permitted to buy groceries before the store closed, and to take the items with them after their shift was completed. On the other hand, he recognized the accused as a subject of two other investigations conducted the previous summer.

■ Appellate defense counsel have assigned two errors and urge our consideration of two others raised by the accused in his request for appellate counsel. We discuss two of these, the first of which avers that the military judge erred in admitting the groceries as prosecution exhibits as they were a product of an incriminating statement made by the accused in violation of Article 31, Code, supra. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Collier*, 24 U.S.C.M.A. 183, 51 C.M.R. 428, 1 M.J. 358 (1976). We disagree.

The statement sought to be excluded was the accused's admission that he did not have a receipt for the groceries in his possession. If the accused was effectively apprehended *prior* to the request for the receipt by Agent Makris, an advisement of rights was required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

■ The Manual for Courts-Martial, 1969 (Rev.), paragraph 19*c* provides: "An apprehension is effected by clearly notifying the person to be apprehended that he is thereby taken into custody. The order of apprehension may be either oral or written." In the absence of an order of apprehension, as in the instant case, the test is,

If the totality of facts reasonably indicate that both the accused and those possessing the power to apprehend are aware that the accused's personal liberty has been restrained, even in the absence of verbalization, an apprehension is complete.

*United States v. Fleener*, 21 U.S.C.M.A. 174, 44 C.M.R. 228 (1972). See also, *United States v. Noble*, No. S24398, 2 M.J. 672 (A.F.C.M.R. 21 September 1976). In the present case, Agent Makris asked the accused and Airman Quinn to come to where he was standing. This request, even if we assume the accused recognized Makris as an OSI agent, is insufficient to indicate personal liberty was restrained. Manual, supra, paragraph 174*d; compare United Stats v. Unrue*, 46 C.M.R. 882 (A.F.C.M.R.1972), aff'd, 22 U.S.C.M.A. 466, 47 C.M.R. 556 (1973); *United States v. Coleman*, 41 C.M.R. 832 (N.C.M.R.1970); *United States v. Lopez-Santiago*, 32 C.M.R. 802 (A.F.B.R.1962), pet. denied, 13 U.S.C.M.A. 698, 32 C.M.R. 472 (1962). Therefore, we find that no apprehension was effected at the time the accused complied with the request to come to Agent Makris.

■ Absent a custodial interrogation, Article 31(b), Code, supra, provides the only other reason advice of rights can be required. Under this statute, a *suspect* may not be questioned without first advising him, *inter alia*, that he need not make a statement and that any statement he makes may be used against him in a trial by court-martial. Whether an accused is a suspect depends, in each case, upon the facts known to the investigator and the totality of the surrounding circumstances. If there are reasonable grounds to suspect that the person being questioned has committed an offense, the warning must be given. *United States v. Henry*, 21 U.S.C.M.A. 98, 44 C.M.R. 152 (1971); *United States v. Anglin*, 18 U.S.C.M.A. 520, 40 C.M.R. 232 (1969).

■ To recapitulate, Agent Makris, on the night in question, observed two uniformed airmen carrying groceries near the base commissary at a time when the night crew was leaving. However, he did not, in fact, see them leave the commissary. Makris had been informed of suspicions that groceries were being removed by members of the night crew, but he also knew that they were permitted to make purchases while the store was open for business. Under these circumstances, we will not rule that employees coming out of the commissary with groceries at that hour, when the entire crew was leaving, are suspects. The only factor distinguishing the accused from

other employees was that Agent Makris recognized him from his involvement in two investigations of unrelated criminal activity several months before. This does not provide reasonable grounds to suspect the accused of stealing from the commissary *on the night in question*. Therefore, there was no need for the accused to be given a warning in accordance with Article 31, and the accused's reply was properly admitted in evidence.[1]

Appellate defense counsel next assert that the military judge erred in not instructing the members of the court, *sua sponte*, on evidence of uncharged misconduct. We agree that an instruction should have been given.

The accused's companion, Airman Quinn, testified the following took place when he and Hardy were leaving the commissary:

Q. [Trial Counsel] Was there any conversation between Airman Hardy and Sergeant Robinson [the accused's supervisor]?

A. I think—when we were about to leave—

DC. Hearsay, your Honor, I object to it.

MJ. Objection overruled. Please continue.

A. —when we were about to leave, I think Sergeant Robinson said "Wait a minute"—I think that's what Sergeant Robinson said—I'm not sure what Sergeant Robinson said.

Q. What did Airman Hardy say?

A. He told Sergeant Robinson that— "He knew we had these bags" and—he told him, "I haven't had anything for quite a few days."

When asked by a court member to repeat the conversation, Airman Quinn stated:

A. Sergeant Robinson just walked into the area and seen myself and Airman Hardy with the bags of groceries and

Airman Hardy just made a comment, "I haven't taken anything in a few days," and then we left, and Sergeant Robinson didn't say anything; he just shook it off and let us go.

This latter testimony was repeated once more at the request of the same court member.

▬▬▬ The clear implication of the statement, "I haven't taken anything in a few days," is that the accused was stealing the items in the bags, and that he had done so on one or more previous occasions. Such evidence of other misconduct is admissible to show the accused's knowledge, intent, or consciousness of guilt. Manual, supra, paragraph 138g(3) and (4); *United States v. Janis*, 24 U.S.C.M.A. 225, 51 C.M.R. 522, 1 M.J. 395 (1976); *United States v. Bryant*, 12 U.S.C.M.A. 111, 30 C.M.R. 111 (1961); *United States v. Goheen*, 32 C.M.R. 837 (A.F.B.R.1962). However, an instruction must be given by the military judge to assure the consideration of the evidence is limited to the purpose for which it was admitted; otherwise, a danger exists that it would create an inference that the accused committed other crimes and was therefore apt to have committed the one charged. *United States v. Grunden*, 25 U.S.C.M.A. 327, 54 C.M.R. 1053, 2 M.J. 116 (1977); *United States v. Bryant; United States v. Goheen*, both supra. In this case, where the admission of the accused was not only placed before the court, but was repeated twice more at the request of a member, the recent words of Chief Judge Fletcher are particularly apropos:

No evidence can so fester in the minds of court members as to the guilt or innocence of the accused as to the crime charged as evidence of uncharged misconduct. Its use must be given the weight of judicial comment, *i. e.*, an instruction as to its limited use.

M.A. 176, 51 C.M.R. 395, 1 M.J. 352 (1976); *United States v. Ballard*, 17 U.S.C.M.A. 96, 37 C.M.R. 360 (1967); *Cf. United States v. Nowling*, 9 U.S.C.M.A. 100, 25 C.M.R. 362 (1958). See also *United States v. Temperley*, 22 U.S.C.M.A. 383, 47 C.M.R. 235 (1973).

---

1. Even assuming the accused was a suspect at the time he was accosted by Agent Makris, argument can be made that the question was of a preliminary nature and not designed or likely to induce an admission regarding a suspected offense. *United States v. Morris*, 24 U.S.C.

*United States v. Grunden,* supra at 328, 54 C.M.R. at 1054, 2 M.J. at 119. Furthermore, *Grunden* reaffirms the obligation of the military judge to so instruct, *sua sponte,* notwithstanding an express request by defense counsel to omit uncharged misconduct instructions.[2]

Remaining for resolution is whether the failure to give limiting instructions prejudiced the accused. *United States v. Bryant,* 3 M.J. 9 (C.M.A.1977); *United States v. Gaiter,* 23 U.S.C.M.A. 438, 50 C.M.R. 397, 1 M.J. 54 (1975); *United States v. Vogel,* 18 U.S.C.M.A. 160, 39 C.M.R. 160 (1969). The test for prejudice is set forth in *United States v. Back,* 13 U.S.C.M.A. 568, 33 C.M.R. 100 (1963):

> On the one hand, evidence of accused's guilt may be such that the failure to restrict proof of other misconduct may be fairly said to have weighed not at all in connection with the findings and sentence. On the other, the record may present a fair risk that the fact finders accorded weight on the merits to the matter.

Id. at 103.

The evidence of guilt in the record before us, excluding the accused's inculpatory statement, is neither overwhelming nor compelling. *See United States v. Kirby,* 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. Satey,* 16 U.S.C.M.A. 100, 36 C.M.R. 256 (1966); *United States v. Weindling,* 50 C.M.R. 240 (A.C.M.R.1975); *United States v. Henderson,* 44 C.M.R. 553 (A.F. C.M.R.1971), *pet. denied,* 21 U.S.C.M.A. 599, 44 C.M.R. 939 (1972).

Although it is clear the accused removed items from the commissary, his admission is the most convincing evidence of his intent to steal; this, and the fact that a court member requested the statement to be repeated twice constrains us to conclude that there is a fair risk the findings were affected by this evidence.

For the foregoing reasons, the finding of guilty of Specification 2 of the Charge is reversed, and, in the interests of justice, dismissed. The accused was also found guilty, in accordance with his plea, of larceny of a case of cigarettes of a value more than $100. Reassessing the sentence in the light of our action on Specification 2, we find only so much of it appropriate as provides for bad conduct discharge, confinement at hard labor for two months, forfeiture of $100.00 per month for two months, and reduction to airman basic. The Charge and remaining specification, and the sentence as modified, are

AFFIRMED.

BUEHLER, Chief Judge, and ORSER, Judge, concur.

---

2. See also our recent decision, *United States v. Poinsett,* No. 22179, 3 M.J. 697 (A.F.C.M.R. 17 May 1977).