UNITED STATES, Appellee,

v.

Richard D. WOOLERY, Sergeant, U. S. Army, Appellant.

No. 34,267.

CM 434673.

U. S. Court of Military Appeals.

May 8, 1978.

*Captain Michael P. La Haye* argued the cause for Appellant, Accused. With him on the briefs were *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock,* and *Captain D. David Hostler.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the briefs were *Colonel Thomas H. Davis, Major Steven M. Werner,* and *Captain Nancy Battaglia.*

Opinion of the Court

COOK, Judge:

Appellant was tried by a general court-martial with members for the rape of Ms. Werner; an assault with the intent to rape Ms. Daubenmerkl; and the obstruction of justice, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934, respectively. He was acquitted of assault and obstructing justice, but was found guilty of rape. We granted review to determine two issues arising out of use of evidence of other acts of uncharged misconduct. We conclude that the admission of two incidents of alleged mis-

conduct was improper and prejudicial to appellant.[1]

At an out-of-court hearing, trial counsel indicated his intention to introduce evidence tending to show that about 5 months before the alleged rape of Werner, the appellant had raped a Ms. Fuchs. Over defense counsel's objection, the judge ruled that the evidence could be used for the limited purpose of proving the assault offense and, if the issue was raised, rebutting a claim of consent.

In open court proceedings, Ms. Werner testified she was acquainted with the appellant. On the night of December 18, 1975, she, a Private Bova, and the appellant had made the rounds of several drinking establishments in a civilian community in Germany. When they were ready to return to their respective quarters, the appellant offered to drive her and Private Bova home. Appellant dropped Bova off at his barracks, but, instead of proceeding to Werner's home, he drove to a wooded area, where he forcibly had intercourse with her. When appellant released her from his control, she telephoned Private Bova and told him the appellant had raped her. The following day, she also told her sister the same thing. Both Private Bova and Werner's sister testified regarding the existence of the complaint. In addition, the sister testified she observed bruises on Werner's legs.

Ms. Daubenmerkl, the alleged victim of the assault charge, testified that she, appellant, and her boyfriend had drinks in her apartment on the night of August 29, 1975. When the appellant was ready to leave, she accompanied him to the entrance gate of the complex to unlock it for him. Appellant pulled at her and otherwise indicated he intended to have intercourse with her, but he withdrew when her boyfriend called to her from the window of the apartment.

As allowed by the ruling in the out-of-court hearing, Ms. Fuchs was called as a government witness. She testified she had been raped by the appellant on the night of July 12, 1975. The military judge instruct-ed the court members that her testimony could be considered only for the limited purpose of proving the intent to rape in the assault on Ms. Daubenmerkl. Further, Sergeant Olson, the boyfriend of Ms. Daubenmerkl at the time, was allowed to testify, over defense objection, that appellant had visited his home sometime in 1974. Olson was then married to another woman. On that occasion, the appellant had followed Olson's wife into the bedroom, pushed her onto the bed, and got on top of her. Olson believed the appellant was intoxicated. As defense counsel had indicated that a defense of consent would be interposed to the Werner rape charge, the judge allowed the testimony of this incident as relevant rebuttal of the anticipated defense, and he so instructed the court members.

Appellant testified in his own defense. He asserted that Ms. Werner had consented to the sexual act he had with her. He further maintained that Ms. Werner fell out of the car, and, thereafter, began to act strangely, alternating between claiming appellant was raping her and encouraging his sexual advances; at no time during the incident did he force her to submit to personal contact. As to the alleged assault on Ms. Daubenmerkl, appellant asserted that he had embraced her in a friendly manner, and did nothing to her person over her protest.

Addressing the testimony as to the two earlier acts of alleged sexual misconduct, appellant testified he had had previous, consensual, body contact with Ms. Fuchs, without any penetration. In regard to the incident with Mrs. Olson, he asserted he knew Sergeant Olson was in the apartment and he was merely engaging in a joke.

In his final instructions to the court members, the trial judge enlarged on his earlier limitations on the consideration they could give to the two acts of uncharged sexual misconduct. He advised that Ms. Fuchs' testimony could be considered in determining whether appellant possessed the intent to rape, as alleged in the assault

---

1. Our holding as to this issue makes it unnecessary to resolve the second question, which concerns the absence of instructions as to the limited purpose for which other acts of misconduct of a different kind were admitted.

charge, and both acts could be used to resolve whether each alleged victim had consented to the acts to which she was a party.

As noted earlier, appellant was found not guilty of the assault charge, but convicted of the rape of Ms. Werner. Reviewing the conviction, the Court of Military Review concluded that the evidence of prior sexual misconduct should have been excluded, but it nonetheless affirmed the findings of guilty on the ground the evidence had not prejudiced the appellant because of the "overwhelming" proof of his guilt. 3 M.J. 562, 565 (A.C.M.R.1977). We agree with the court's determination as to the inadmissibility of the evidence, but we are constrained to disagree as to its probable impact on the court members in reaching the verdict of guilty.

When the only issue at a trial on a charge of rape is whether the sexual act was with the consent of the alleged victim, evidence of an uncharged rape is not admissible. *Lovely v. United States,* 169 F.2d 386 (4th Cir. 1948). The reason is that "[t]he fact that one woman was raped . . . has no tendency to prove that another woman did not consent." *Id.* at 390. This is not to say that other acts of sexual misconduct are never admissible. On the contrary, they may be relevant on such issues as the identity of the assailant, his motive or his intent. *See* 22A C.J.S. Criminal Law § 691 (37); 65 Am.Jur.2d, Rape § 71 (1972). But the question of consent focuses on the woman, not the alleged offender, and the agreement or nonagreement of a woman in one encounter does not cast light on the probability of agreement or disagreement by another woman at a different time and under different circumstances. We agree, therefore, with the view expressed in *Lovely* that evidence of lack of consent by a female in an earlier sexual act is irrelevant to the issue of whether a different female in a later sexual act with the accused consented to that act. However, here the evidence was admitted for the purpose of establishing the absence of consent on the part of the alleged victim of the offense charged.

Erroneous admission into evidence of testimony of uncharged misconduct or an erroneous instruction as to the limits of the consideration the factfinders can give to such testimony is prejudicial if there is a fair risk that the testimony influenced the verdict. *United States v. Gaiter,* 1 M.J. 54 (C.M.A.1975). Other evidence of guilt may be so powerful as to compel a conclusion that the inadmissible matter did not influence the findings of guilty. *United States v. Gilliam,* 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974). *See also United States v. Johnson,* 17 U.S.C.M.A. 479, 38 C.M.R. 277 (1968); *United States v. Kirby,* 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967). In holding the latter principle applicable here, the Court of Military Review relied heavily upon the appellant's own testimony. 3 M.J. at 565. That testimony does not impress us as an admission of the absence of consent by the alleged victim. Rather we read it as an assertion of consent, albeit attended by later unwarranted and irrational assertions, which were attributed to reasonable cause—a fall from the car. In general, evidence of a prior act of uncharged misconduct of the same kind as that for which the accused is on trial has a potential for prejudice that outweighs its probable probative value. This is also true here in regard to testimony as to the incident involving Mrs. Olson, which is, at best, equivocal even as to appellant's intent.[2] Received and instructed on for a purpose irrelevant to the appellant's state of mind at the time of the offense charged, the evidence of the two previous incidents was prejudicial to appellant.

The decision of the United States Army Court of Military Review is reversed and the findings of guilty are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge FLETCHER and Judge PERRY concur.

2. The exact nature of this incident does not appear in the record. Presumably the Government was attempting to show an assault with intent to rape, but the record is not clear on the matter.