UNITED STATES

v.

Airman First Class Edwardo VASQUEZ, FR 453–90–0393, United States Air Force.

ACM S24768.

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 May 1979.

Decided 18 March 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Merton F. Filkins and Captain James R. Van Orsdol.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, accused was convicted by special court-martial of an absence without leave and larceny in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921. Notwithstanding his plea, he was convicted of another separate larceny. He was sentenced to a bad conduct discharge, confinement at hard labor for three months, and reduction to airman basic.

◼ We set aside the additional finding of guilty and reassess the sentence because of improper argument by trial counsel. Despite defense objection, the military judge permitted the trial counsel to argue that accused's guilty plea and conviction of larceny of two color television sets on 8 April 1979, raised an inference of his guilt of a larceny of three other television sets on 11 April, both larcenies having occurred from common areas of dormitories.

◼ It is a long standing rule of military jurisprudence that admissions implicit in a plea of guilty of an offense can not be used as evidence to establish guilt of an essential element of a separate and different offense. *United States v. Wahnon*, 1 M.J. 144 (C.M.A.1975); *United States v. Caszatt*, 11 U.S.C. M.A. 705, 29 C.M.R. 521 (1960); *United States v. Oyler*, 1 M.J. 796 (A.F.C.M.R. 1976).*

In the case at bar, trial counsel's argument was therefore clearly improper. The military judge gave no effective instructions to eliminate the prejudice flowing from such argument. This finding of guilty of larceny on 11 April is set aside since there was no compelling evidence of accused's guilt. *United States v. Zone*, 7 M.J. 21 (C.M.A.1979); *United States v. Bryant*, 3 M.J. 9 (C.M.A.1977); *United States v. Hardy*, 3 M.J. 713 (A.F.C.M.R.1977). While a rehearing could be ordered, we elect to dismiss that specification in the interests of justice. *United States v. Oyler, supra.* Our disposition renders it unnecessary to decide counsel's assertion of prosecutorial misconduct since, in our view, that error, if any, relates solely to the findings on the contested specification.

We have considered the remaining assignments of error and, with one exception, have resolved them adversely to the accused. We do note that the military judge

---

* Arguably, evidence of accused's guilt of one larceny, independent of a plea or finding, might be asserted as evidence of a plan or design. Cf. Manual for Courts-Martial, 1969 (Rev.), paragraph 138*g*(2). But, this court has rejected that argument, noting: "there is no legal principle that permits an inference of an accused's guilt to be made on the basis that he had admitted committing other offenses, of which he is charged, under similar circumstances." *United States v. Oyler*, 1 M.J. 796, 797 (A.F.C. M.R.1976). Additionally, the United States Army Court of Military Review has stated:

> The effect of evidence of uncharged misconduct and of a guilty plea should not be equated. The former is admissible for the very reason that it is relevant to contested issues. The effect of a guilty plea is strictly limited to the specification to which it pertains. The admissions inherent in a plea of guilty may not be used as a basis for inferring the exist-

ence of a fact or element of a completely separate offense. (Citations omitted).
*United States v. Tobias*, 46 C.M.R. 590, 592 (A.C.M.R.1972). Even if the argument of common plan or design were accepted, which it is not, any such possible consideration of misconduct requires very careful instruction in order to preclude impermissible inferences from being drawn. *United States v. Tobias, supra*, at 592. Cf. *United States v. Grunden*, 2 M.J. 116 (C.M.A.1977).
As the United States Court of Military Appeals has stated:

> [I]t is the duty of the military judge to act on his own initiative in those situations in which he is presented with an issue so intertwined with the elements of the offense that informed consideration by the court members is impossible in the absence of instructional enlightenment. *United States v. Gaiter*, 1 M.J. 54, 56 (C.M.A.1975).

erred in failing to specifically mention accused's pre-trial confinement in the instructions on sentencing. *United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967). In light of the discussed errors, we have reassessed the sentence on the basis of the remaining findings of guilty, a 48 day absence without leave and a larceny of two television sets from barracks, and the entire record. We find appropriate only so much of the sentence as provides for a bad conduct discharge and confinement at hard labor for three months. As modified, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge and ARROWOOD, Judge, concur.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Captain Robert P. Hailey and Captain Willard K. Lockwood.