## UNITED STATES

v.

**Sergeant John P. McCUE, III, FR 071–48–4402 15th Air Base Squadron Fifth Air Force (PACAF).**

**ACM S24468.**

U. S. Air Force Court of Military Review.

25 March 1977.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, JJ.

## DECISION

BUEHLER, Senior Judge:

Contrary to his pleas, the accused was convicted of three specifications alleging wrongful sales of marihuana, three specifications alleging wrongful use of marihuana, and single specifications of wrongful possession of marihuana and of wrongfully distributing the controlled drug, Phenobarbital, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

The approved sentence is a bad conduct discharge, confinement at hard labor for two months, forfeiture of $240.00 per month for two months and reduction in grade to airman basic.

Appellate defense counsel invite our attention to two errors assigned by trial defense counsel and set forth three others in their brief. With the exception of the following issue, we perceive no merit in the assigned errors.

Appellate defense counsel contend:

THE MILITARY [JUDGE] ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN GIVING THE ACCOMPLICE INSTRUCTION SO AS TO INCLUDE A DEFENSE WITNESS.

We disagree.

 The subject of a cautionary instruction concerning accomplices who testify for the defense is not addressed in the Manual for Courts-Martial, 1969 (Rev.). Moreover, our research has not disclosed any military case in which this issue is discussed. However, insofar as not otherwise prescribed in the Manual, the rules of evidence generally recognized in criminal trials in the United States District Courts are applied in courts-martial. Manual for Courts-Martial, *supra,* paragraph 137. In this regard, persuasive federal authority supports our conclusion that cautionary instructions may be given as to an accomplice who testifies for the defense as well as to one who is called by the Government. *United States v. Nolte,* 440 F.2d 1124 (5th Cir. 1971), cert. denied 404 U.S. 862, 92 S.Ct. 49, 30 L.Ed.2d 106 (1971). As declared by the Circuit Court in that case:

> It is clear that an accomplice's credibility may be suspect, regardless of whether he testifies for the prosecution or the defense. Moreover, the trial judge's decision whether to give the instruction is not a matter requiring constitutional scrutiny. At most, it is "merely a part of the general conduct of the trial, over which the judge's powers are discretionary, like

his control over cross-examination, or his comments on the evidence."[1] *Id.* at 1126.

This rule, in our opinion, is clearly applicable to courts-martial. Hence, it is within the military judge's sound discretion as to whether an accomplice instruction should be given for a defense witness. Nevertheless, our disagreement with appellate defense counsel's contention is not dispositive of the question regarding the *adequacy* and *appropriateness* of the military judge's accomplice instructions in this instance. The following summary of evidence is pertinent to our resolution of this question.

Testimony of Government witnesses placed Airman Hernandez, the accused's roommate, in the accused's barracks room on 20 and 26 March 1976, when the accused allegedly sold and smoked marihuana. According to these witnesses, Hernandez also smoked marihuana on both occasions. These witnesses also testified that Hernandez was present in the accused's room on 31 March 1976, when the accused was allegedly paid for a quantity of Phenobarbital pills he had earlier distributed.

Two other Government witnesses, Airman Hilderbrand and Church, testified that some time between Christmas 1975 and April 1976, the accused sold marihuana to Church. Both Church and Hilderbrand were accomplices in this transaction.

Later, on 12 April 1976, while on duty as security police gate guards, the accused and Hernandez were allegedly observed smoking what the accused contemporaneously identified as marihuana cigarettes. Finally, on 26 April 1976, the security police vehicle being driven by the accused was searched and a "Sucrets" box containing marihuana cigarettes was discovered.

Airman Orr, a Government witness, testified that the accused and Hernandez had admitted smoking marihuana while on duty as gate guards. He added that he had frequently seen a Sucrets box sometimes

---

1. Military judges have the same discretionary authority to give such additional instructions as will assist the court in making its findings.

Manual for Courts-Martial, *supra,* paragraph 73*c.*

containing marihuana in the accused's room and that the accused had confided in him that the box had been confiscated at the main gate.

Hernandez testified for the defense and vigorously denied having seen the accused commit, or of having committed himself, the offenses attributed to them by the prosecution witnesses. He specifically denied that either he or the accused were in their room at the time the offenses on 20 and 26 March allegedly occurred. He also denied having seen a Sucrets box in their room or otherwise in the accused's possession at any time. This testimony was corroborated to some extent by two other defense witnesses. With the evidence in this posture, the military judge instructed the court in the following manner:

> Now, regarding the witnesses themselves, you will note that . . . Church, Hilderbrand, and Orr, all, by their testimony, indicated that they were involved in criminal activities which they testified about. In regard to Hernandez, there is some testimony in the record which would indicate that he was criminally involved. In regard to that testimony pertaining to Hernandez and in regard to the testimony of the others, it raises the issue regarding accomplices and the weight to be given such in regard to their testimony; I repeat . . . Church, Hilderbrand and Orr indicated they were accomplices. In regard to Hernandez, there is evidence which could indicate that and, if so, give weight in that regard, keeping in mind that the burden is upon the government with regard to proof beyond a reasonable doubt. Now, with regard to an accomplice, the testimony of an accomplice, even though apparently credible, is of doubtful integrity and is to be considered with great caution. A witness' testimony need not be rejected, however, simply because he is an accomplice, and the weight to be given such testimony is a matter for your determination.

Thereafter, the military judge also instructed the court generally as to the credibility of witnesses and informers.

■ We find these instructions deficient in two aspects. First, it is a general rule of law that if the evidence is controverted as to whether a witness is in fact an accomplice, the issue should be resolved by the members of the court guided by proper instructions. *United States v. Graalum,* 19 C.M.R. 667, 693 (A.F.B.R.1955), pet. denied, 19 C.M.R. 413 (1955), and cases cited therein; *United States v. King,* 40 C.M.R. 1030 (A.F.B.R.1969), pet. denied, 40 C.M.R. 327 (1969); see also *United States v. Tellier,* 34 C.M.R. 800 (A.F.B.R.1969). Correspondingly, it is error to submit such an issue to the court in the absence of any evidence from which it could find that the witness is an accomplice. *United States v. Nolte, supra.*

■ Here, the court was not instructed that it must determine whether Hernandez was an accomplice in the commission of any of the offenses for which the accused was tried and about which Hernandez testified. Instead, the members were advised in general terms that there was some indication that Hernandez was criminally involved. But, if the court believed Hernandez' testimony, he was not an accomplice as to any of the charged offenses and, in fact, was not guilty of any criminal offense.

■ Furthermore, even if the testimony of the Government witnesses regarding Hernandez' participation were true, there is no evidence tending to establish his culpability as to the alleged sales of marihuana on 20 and 26 March, the sale of marihuana to Church, the distribution of Phenobarbital on 31 March or the possession of marihuana on 21 April. The mere fact that one is present at the scene of a crime is not sufficient to make him an accomplice. *United States v. Holt,* 427 F.2d 1114 (8th Cir. 1970); *United States v. Garcia,* 22 U.S.C.M.A. 8, 46 C.M.R. 8 (1972). To be an accomplice, one must be culpably involved in the crime with which the accused is charged. *United States v. Nolte, supra; United States v. Petrie,* 40 C.M.R. 991 (A.F.B.R.1969); *United States v. Scoles,* 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963). As indicated in *United States v. Garcia, supra:*

We measure the witness's involvement as an accomplice generally by the rule of whether he is subject to trial for the offense with which the accused is charged. While the various opinions speak in terms of indictment, conviction, being culpably involved, or similar phrases, the real issue presented is whether the evidence establishes that the witness was subject to criminal liability for the same crime as the accused. An affirmative answer establishes that he is an accomplice, while, with some exceptions, a negative answer determines that he is not.

The reasoning in these cases presupposes, of course, that when an accomplice instruction is given, whether relative to a defense or Government witness, it will accurately and fairly frame the issue to the court members. This was not done in the instant case. Only as to the offenses alleging use of marihuana by the accused on 20 and 26 March and 12 April was there evidence from which the court, guided by proper instructions, could have found Hernandez was an accomplice. However, the court was not furnished a definition of the word "accomplice" and was not advised that before applying the cautionary instruction to Hernandez' testimony, it must first find that he was an accomplice. In our view, the instruction given was susceptible to an interpretation that would have permitted the members to consider Hernandez' testimony with great caution if they simply agreed with the military judge's conclusion that "some testimony in the record . . would indicate that [Hernandez] was criminally involved." We find, therefore, that the accomplice instruction as it pertained to Hernandez' testimony was prejudicially inadequate and misleading.

■ The second aspect of the military judge's accomplice instructions warranting our attention concerns the witnesses Church and Hilderbrand. Both were clearly accomplices in the crimes about which they testified, and their testimony constituted the sole evidence implicating the accused in the sale of marihuana to Church in early 1976.[2] Further, they testified under grants of immunity and each was accorded some measure of leniency with respect to their own complicity.

■ In *United States v. Moore*, 54 C.M.R. 1002, 2 M.J. 749 (A.F.C.M.R.1977), we held in similar circumstances that the military judge erred to the substantial prejudice of the accused when he failed *sua sponte* to provide the court with an unabbreviated accomplice instruction as contemplated in paragraph 153a of the Manual for Courts-Martial, supra. Here, too, despite trial defense counsel's failure to object to the instruction given, we find prejudicial error. Under the circumstances of this case, it was incumbent upon the military judge to instruct the court that the accused could not be convicted of selling marihuana to Church based solely upon Church and Hilderbrand's uncorroborated testimony if the members found the witnesses' testimony self-contradictory, uncertain, or improbable. As we reasoned in *Moore, supra*:

> In our opinion, the [accomplices'] status and the other recited credibility factors had a direct bearing on the probability, plausibility or reliability of their testimony and an instruction in those terms was required. Stated another way, the court should have been advised that in determining whether the accomplice testimony was, among other things, probable, that is, "apparently credible," (as provided in the Manual, *supra*) they were to consider the evidence bearing on the witnesses' believability.

■ The accused in the instant case was entitled to have his guilt or innocence decided by a properly instructed court. While trial defense counsel should have objected to the instruction on accomplice testimony as framed by the military judge, such passivity did not, we conclude, relieve the military judge of his primary responsibility for insuring that the court was correctly in-

2. *United States v. Allums,* 5 U.S.C.M.A. 435, 18 C.M.R. 59 (1955). In addition, it is axiomatic that the testimony of one accomplice cannot serve to corroborate that of another. *United States v. Williamson,* No. S24412, 2 M.J. 597 (A.F.C.M.R. 13 October 1976).

structed. *United States v. Graves*, 23 U.S. C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975); *United States v. Gaiter*, 23 U.S.C. M.A. 438, 50 C.M.R. 397, 1 M.J. 54 (1975); *United States v. Moore, supra*. Moreover, the doctrine of waiver is not applicable to an incorrect instruction on a material issue. *United States v. Graves, supra; United States v. Grosso*, 7 U.S.C. M.A. 566, 23 C.M.R. 30 (1957).

For the reasons stated, the findings of guilty and the approved sentence are incorrect in law and are hereby set aside. A rehearing may be ordered.

HERMAN and ORSER, Judges, concur.