UNITED STATES

v.

Airman First Class Benny H. MILLER, Fr 575–62–8585 3902d Transportation Squadron Twenty-First Air Force (MAC).

ACM 22173.

U. S. Air Force Court of Military Review.

9 May 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION

FORAY, Judge:

Before a general court-martial consisting of a military judge and members, the accused was arraigned and tried for ten offenses involving use, possession, and transfer of dangerous drugs and for two absences without leave, in violation of Articles 92 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 886. He pleaded not guilty to all specifications and charges and was found guilty of two offenses of use and possession of marihuana, two offenses of transferring lysergic acid diethylamide (LSD), and the two unauthorized absences. The adjudged sentence extended to dishonorable discharge, confinement at hard labor for six months, forfeiture of $100.00

per month for six months and reduction to the grade of airman basic. The convening authority approved the sentence as adjudged but remitted the unserved portion of the sentence to confinement at hard labor remaining as of the date of his action.

Numerous errors have been urged before us by both trial and appellate defense counsel. One of them warrants our review; the remainder are without merit.

The alleged error upon which we focus is that the court-martial erroneously exercised jurisdiction over the drug offenses of which the accused was convicted. Each of the four offenses was alleged to have been committed by the accused at divers times between 1 January and 12 April 1976, at different locations in the off-base municipalities of Omaha and Bellevue, Nebraska.

Pertinent to our disposition of this issue are the decisions of the Court of Military Appeals announced in *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976) and *United States v. Williams*, 25 U.S.C.M.A. 176, 54 C.M.R. 284, 1 M.J. 81 (1976).

In *McCarthy*, the accused had been convicted by a general court-martial of wrongfully transferring three pounds of marihuana to another soldier "just outside" one of the gates to Fort Campbell, Kentucky, an army installation. On appeal, the accused contended the offense was not service connected as the term was explained in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The Court of Military Appeals rejected the accused's contention finding that four of the twelve criteria announced in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), by which service connection may be measured, weighed in favor of the exercise of military jurisdiction over the drug transfer offense. The Court emphasized that a thorough, detailed analysis of the jurisdictional criteria announced in *Relford* is required to resolve service connection issues. The Court went on to say:

Merely because the recipient of the contraband was a soldier is insufficient, in and of itself, to establish service connec-

tion. . . . The issue requires careful balancing of the *Relford* factors to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and on whether the distinct military interest can be vindicated adequately in civilian courts." *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

*United States v. McCarthy*, supra, 54 C.M.R. at p. 33, 2 M.J. at p. 28.

In *Williams*, the accused was convicted by a general court-martial of one offense of wrongful possession of hashish. As the offense occurred off-base, the issue before the Court of Military Appeals was whether the offense was "service connected." The Court found there was nothing before the court-martial to show the accused had "either used, purchased, introduced, or sold the hashish on a military installation." Contrariwise, the Court found the evidence supported only the conclusion that the accused bought the drug in the civilian community for his own personal off-base, off-duty use. The Court, applying the jurisdictional criteria set forth in *Relford* to the facts of the case, found none to support the exercise of court-martial jurisdiction and added, citing *McCarthy*, supra, that "[t]he off-post, off-duty use of hashish by a serviceman standing alone is simply not enough" to warrant the exercise of jurisdiction by a court-martial.

In the case before us, the principal witnesses providing the evidence leading to the accused's conviction of the drug offenses were Airman Michael J. Carroll and Sergeant Rolf A. Swider. They had met the accused sometime in January 1976, at the off-base apartment of a mutual friend who was also a service member. It was at this meeting that Carroll and Swider received the impression that the accused could supply them with LSD. Subsequently, and up to 2 April 1976, the accused met with Carroll and Swider at off-base locations three times whereat the accused transferred LSD in purple microdot form to them. According to Carroll, the total amount of the drug

so transferred was between 900 and 1000 units. These transactions formed the basis of Specifications 6 and 7 of Charge I.

During substantially the same period of time, the accused, Carroll, Swider, and sometimes others, smoked marihuana together on several occasions. The marihuana smoking took place at various locations off-base and the marihuana was supplied alternately by either Carroll or the accused. Additionally, on 2 April 1976, the accused was in possession of one-half pound of Colombian marihuana which he transferred to Carroll that same day at the latter's off-base apartment. All these events formed the basis for Specifications 2 and 3 of Charge I.

During the period of time pertinent here, Carroll and Swider were actively engaged in the sale of dangerous drugs to others. The majority of the sales they consummated were with airmen stationed at Offutt Air Force Base. The sales of drugs to military personnel were estimated by Carroll to have constituted "better than 80 percent" of their overall business. A goodly portion of the drugs supplied by the accused to Carroll and Swider was used in the drug transactions they entered into with others. Many of the sales were made in the off-base apartment located in Bellevue "just outside" the gate to Offutt Air Force Base. In those instances where sales were to be made to airmen who were without any means of transportation from the base to the apartment and return, a ride would be provided by either Carroll or Swider. The evidence at trial indicated that the accused knew Carroll and Swider were engaged in such drug dealings and knew some of the buyers personally. Carroll also testified that LSD supplied by the accused was used by him and Swider once and sold to another airman once while on-base and on duty.

■ Having examined the pertinent facts adduced at trial in light of the *Relford* criteria, we conclude that supplying marihuana and LSD to service members for their own use and for the subsequent transfer to and use by other service members, both on and off the military installation, constituted sufficient service connection to support the exercise of military jurisdiction over those offenses alleged in Specifications 2, 6, and 7, Charge I. The *Relford* factors which compel our conclusion are:

1. The flouting of military authority.

2. The substantial threat to military personnel and, therefore, to the military installation.

Moreover, we find the military interest in deterring these offenses is "distinct from and greater than that of civilian society" and was best vindicated in the military court. *Schlesinger v. Councilman*, 420 U.S. 728, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975); *United States v. Hedlund*, 25 U.S.C. M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976); *United States v. McCarthy*, supra; *United States v. Williams*, supra; *United States v. Lemons*, 54 C.M.R. 246, 2 M.J. 312 (A.F.C. M.R.1976), pet denied, 3 M.J. 43 (C.M.A. 1977).

■ However, with regard to Specification 3 of Charge I alleging use of marihuana at various times between 1 January and 12 April 1976, we are unable to find sufficient service connection. The only connection between the off-base, off-duty offense committed by the accused was his military status. This factor alone is not sufficient, in and of itself, to create the high degree of military interest necessary to vest the proper exercise of jurisdiction in the military to try the offense. *Relford v. Commandant; Schlesinger v. Councilman; United States v. Hedlund; United States v. Williams*; all supra. Accordingly, the finding of guilty of Specification 3 of Charge I is set aside and this charge is dismissed.

■ After reviewing the record of trial, the convening authority ordered the forfeitures to apply to pay becoming due on and after the date of his action although he had remitted the unserved portion of the sentence to confinement. A sentence to forfeiture may not be applied to pay becoming due an accused on or after the date of the convening authority's action where that ac-

**652**

tion·does not contain an approved sentence to confinement. Article 57(a), Code, supra; Manual for Courts-Martial, 1969 (Rev.), paragraphs 88$d$(3) and 126$h$(5). Therefore, so much of the action as purports to apply forfeitures as of the date thereof is set aside.

Reassessing the sentence based on the remaining findings of guilty, we find it is nonetheless appropriate.*

Accordingly, the findings of guilty of Specifications 2, 6, and 7, Charge I; Specifi-

cations 1 and 2, Charge II; and Charges I and II, and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and EARLY, Senior Judge, concur.

---

* We note, in this respect, that the military judge instructed the court members that Specifications 2 and 3 of Charge I were multiplicious for sentencing purposes.