## UNITED STATES

### v.

**Airman First Class David R. HOESING, FR 508–74–6719 Detachment AAB1, Air Force Commissary Services Command Fifteenth Air Force (SAC).**

### ACM 22243.

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 April 1977.

Decided 26 Aug. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before ABRAMS, EARLY and FORAY, Appellate Military Judges.

## DECISION

ABRAMS, Chief Judge:

Tried by a general court-martial without members, the accused was convicted, consistent with his pleas, of one specification of violating a lawful general regulation, in violation of Article 92, Uniform Code of Military Justice, and three specifications charging either transfer or use of hashish, in violation of Article 134, Code, supra, 10 U.S.C. §§ 892, 934. The approved sentence provides for a bad conduct discharge, confinement at hard labor for twelve months, forfeiture of all pay and allowances, and reduction to airman basic.

Three claims of error are asserted by appellate defense counsel. The second and third of these assertions are without merit and require no comment. In the first assertion, counsel urge denial of due process on the basis that the military judge considered the maximum punishment under Article 134 of the Code, supra, rather than Article 92, with respect to the crimes involving hashish.

Prior to the decision of The United States Court of Military Appeals on 2 July 1976 in

*United States v. Courtney*, 1 M.J. 438 (1976), a member of the United States Air Force could be tried for a marijuana or hashish offense either under the general article (Article 134, Code, supra) or under Article 92 for violating a lawful general regulation, as Air Force Regulation 30–2, dated 1 August 1974, forbade the use, possession, sale or transfer of this drug. In *Courtney*, the Court held it to be a denial of equal protection of the laws to allow the existence of two offenses which authorize different punishments for virtually identical conduct. The Court ruled that, in such cases, the punishment was limited to the two years confinement authorized for Article 92 violations,[1] rather than the five years confinement imposable under Article 134.[2]

On 8 November 1976, the Air Force amended AFR 30–2 removing marijuana (hashish), *inter alia*, from its proscriptions. Since that date, Air Force personnel can only be tried under Article 134 for marijuana violations, subject to a maximum penalty that includes five years confinement at hard labor. As the instant hashish offenses occurred in December of 1976, the accused was charged and convicted under Article 134. The military judge rejected the contention of the defense counsel that the maximum punishment for each hashish offense was limited to two years confinement.

Appellate defense counsel invite our attention to the fact that, although the Army has taken the same course as the Air Force, the Navy still continues to prohibit drug offenses by regulation. This lack of uniformity subjects Army and Air Force personnel to greater punishment for marijuana offenses than members of the United States Navy. Counsel contend that this results in a denial of equal treatment of all military personnel under the Uniform Code of Military Justice, citing *United States v. Jackson*, 3 M.J. 101, 102, fn. 2 (1977). Indeed, therein the Court, Judge Cook dissenting, indicates that the equal protection

---

1. Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 127c.

2. *Ibid.*

**1060**

infirmity addressed in *Courtney* is not necessarily eliminated by a regulatory change applicable to only members of one branch of service.

We do not interpret *Jackson* or *Courtney* to require the result urged by appellate defense counsel. In the instant case, we are dealing, not with a regulation prohibiting conduct already proscribed by another codal provision, but with the *absence* of a regulation. At the time this accused transferred and used hashish, the only prohibition against such conduct was contained in the Code, supra, Article 134. How can the maximum punishment be limited to that provided for violating a lawful general regulation when no such regulation exists? The Court of Military Appeals, after the *Jackson* decision, stated:

> In order to be used as a basis for a crime, the regulation . . . must be projected into Article 92(1) to give it substance so as to meet the test of a criminal act. . . . Clearly then, the government must introduce into evidence the specific regulation which breathes life into Article 92(1) to successfully prosecute any alleged violation.

*United States v. Williams*, 3 M.J. 155, 156 (1977).

In the absence of a regulation, therefore, there can be no prosecution under Article 92(1), Code, supra. Concomitantly, in the absence of a regulation, there can be no application of the maximum punishment prescribed for a violation of Article 92(1). We do not believe that appellate courts can judicially change the maximum punishment prescribed in the *Manual* by breathing life into Article 92(1) through the use of sister service regulations.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, concurs.

FORAY, Judge, absent.