UNITED STATES

v.

Airman Basic Michael L. ZINNINGER, FR
401–84–3521 3441st School Squadron
Lowry Technical Training Center
(ATC).

ACM 22262.

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 May 1977.

Decided 22 Sept. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a general court-martial composed of a military judge, the accused was convicted of one offense of assault and five marihuana offenses (three sales, one transfer and one possession), in violation of Articles 128 and 134, 10 U.S.C. §§ 928 and 934, of the Uniform Code of Military Justice. The approved sentence is a bad conduct discharge, confinement at hard labor for six months and forfeiture of $150.00 per month for thirteen months.

■ In the first of two assertions of error, appellate defense counsel contends the court-martial lacked jurisdiction over the marihuana transfer offense. We disagree.

In *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976), the United States Court of Military Appeals extended the twelve criteria analysis for service connection set forth in *Relford v. Commandant*[1] to military cases involving off-base drug offenses. The Court declared that to sustain the exercise of jurisdiction over a drug offense, a supportable finding must be made that the "military interest in deterring the offense is distinct from and greater than that of civilian society, and . . . [that] the distinct military interest . . . can[not] be vindicated adequately in civilian courts." *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300,

---

1. 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

1314, 43 L.Ed.2d 591 (1975). The Court emphasized the necessity for the thorough *Relford* inquiry even in drug cases by pointing out that the Supreme Court has not implicitly sanctioned jurisdiction predicated solely upon the military status of the accused and the victim.

Subsequent to *McCarthy*, in the case of *United States v. Williams*, 25 U.S.C.M.A. 177, 54 C.M.R. 285, 2 M.J. 81 (1976), the Court demonstrated its rigid adherence to the *Relford* jurisdictional analysis. In *Williams*, the accused was convicted of possession of hashish which had been found in his off-base apartment during a search conducted jointly by civilian police and Air Force investigators. There was no evidence indicating that the accused had either used, purchased, introduced, or sold the hashish on a military installation. The only valid evidentiary conclusion, said the Court, was that the accused purchased the drug in the civilian community for his personal off-base, off-duty use. In reversing the accused's conviction, the Court declared that the foregoing circumstances, standing alone, are not sufficient to justify the exercise of jurisdiction by a court-martial.

Examination of the record before us reveals that the marihuana transfer offense occurred during an off-base party attended by the accused and other military personnel, all of whom were presumably off-duty. The recipient of the transfer, an Airman Basic Wiegert, was known by the accused to be a member of the military service. Standing alone, the foregoing circumstances would not appear to support the exercise of court-martial jurisdiction. However, the record discloses additional factors which, in our view, demonstrate that the accused's conduct constituted a threat to military personnel (and hence the military community itself) of sufficient gravity to vest the military court with jurisdiction over the offense. *Relford v. Commandant*, supra.

Here, the evidence as to the other drug offenses shows that during a period of three weeks immediately preceding the date of the off-base transfer offense, the accused sold and possessed marihuana on the military installation and in the nearby civilian community on four separate occasions. And, the recipient in the off-base transfer offense was the same airman to whom all the sales were made. More specifically as to the challenged offense, stipulated evidence and the accused's responses during the *Care* inquiry,[2] shows that during the party several joints of marihuana were shared by the personnel present. The accused rolled some cigarettes from the marihuana and gave them to Wiegert.

In evidentiary context, the transfer was simply one further incident in a continuing marihuana distribution arrangement formulated and commenced on the military installation. See *United States v. Miller*, 3 M.J. 649 (A.F.C.M.R.1977); *United States v. Gash*, 54 C.M.R. 463, 2 M.J. 707 (A.F.C. 22110, 2 M.J. 749 (A.F.C.M.R.1977). On the basis of the showing of a succession of marihuana transactions, the parties were by no means "blended into the general civilian populace" when the transfer offenses occurred. *United States v. McCarthy*, supra, at page 35, 2 M.J. at page 29. We conclude that the military community had the overriding, if not the singular interest, in prosecuting the off-base transfer offense along with the associated sales and possession transactions. In our opinion, the demonstrated distinct military interest in the offense could not be adequately vindicated by trial in the civilian courts. *Schlesinger v. Councilman*, supra.

█ In their remaining assignment of error, appellate defense counsel claim that the accused was denied due process and equal protection of the law by being sentenced for marihuana offenses under punishment authorized for violation of Article 134, Code, supra, rather than Article 92. In our recent decision of *United States v. Hoesing*, No. 22243, 3 M.J. 1058 (A.F.C.M.R.1977), we considered this precise issue and found it without merit. *Hoesing* is accordingly dispositive of the error here assigned.

2. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

BUEHLER, Senior Judge, and HERMAN, Judge, concur.