UNITED STATES

v.

Airman First Class Lindsey J.
HOPEWELL, FR 266–21–7229,
United States Air Force.

ACM S24556.

U. S. Air Force Court of Military Review.

6 Feb. 1978.

Sentence Adjudged 22 July 1977.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. and Captain Edward F. Rodriguez, Jr., USAFR.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

Appellate defense counsel invite our attention to several errors assigned by the accused's counsel in his response to the post-trial review. With the exception of the following issue, we perceive no merit in the assigned errors.

It is contended that the military judge erred to the substantial prejudice of the accused by failing to instruct the court that Airman Smith was an accomplice in the offense of selling amphetamine. The government's entire case was based on the

testimony of Airman Smith and Airman Long. The accused's defense was based on the lack of credibility of the two Airmen.

Long testified that Smith went with him to the accused's room where the accused, his roommate, Smith and Long shared hashish. Long asked, "if he [the accused] knew where I could cop some speed." The accused replied that he had some to sell for $300.00. He had misplaced the amphetamine, but when he found the package the sale was completed. Long opened the package and sampled it before leaving.

Smith testified that, "Me and Senior Airman Long had heard through the grapevine that Airman Hopewell might have some amphetamines. So we went down there to see if we could get some." His testimony as to what happened in the room is the same as Long's. After dinner, he and Long returned to Long's room where both "snorted" the amphetamine bought from the accused. There is no indication that Smith contributed to the purchase price.

 If the evidence is controverted as to whether a witness is in fact an accomplice, the issue should be resolved by the members of the court. If however, there is no evidence from which the court could find the witness to be an accomplice it should not be submitted to them. *United States v. McCue,* 3 M.J. 509 (A.F.C.M.R.1977), and cases cited therein. To be an accomplice, one must be culpably involved in the crime with which the accused is charged. Mere presence at the scene is not sufficient. *United States v. Garcia,* 22 U.S.C.M.A. 8, 46 C.M.R. 8 (1972); *United States v. Pope,* 3 M.J. 1037 (A.F.C.M.R.1977) and cases cited therein.

 Smith's testimony that, "we went down there to see if we could get some"; his presence during the entire transaction; and his subsequent use of the amphetamine; is ample evidence on which the court could have found he was an accomplice. The testimony of an accomplice cannot corroborate the testimony of a second accomplice. Thus, the military judge was required to instruct the court that if they found Smith to be an accomplice, the accused could not be convicted of selling amphetamine to Long, based solely upon Long and Smith's uncorroborated testimony, if that testimony was self-contradictory, uncertain, or improbable. *Manual for Courts-Martial,* 1969 (Rev.), paragraph 153; *United States v. Williamson,* 2 M.J. 597 (A.F.C.M.R. 1976); *United States v. Thompson,* 44 C.M.R. 732 (N.C.M.R.1971).

Under the circumstances of this case, failure to so instruct the court as requested by the defense counsel is error to the substantial prejudice of the accused, thus requiring that the guilty finding of selling amphetamine be set aside.* *United States v. Moore,* 54 C.M.R. 1002 (Interim) 2 M.J. 749 (A.F.C. M.R.1977).

The findings of guilty as to Specification 2, Charge I, and Charge I are set aside. The remaining findings of guilty are correct in law and fact and are affirmed. A combined rehearing may be ordered.

EARLY, C. J., and ORSER, J., concur.

---

* The accused was found not guilty on two specifications where there was no corroborating evidence for the accomplice Long's testimony.