UNITED STATES

v.

**Sergeant Ronald R. HARRISON,**
**FR 300–44–7454.**

**ACM S24579.**

U. S. Air Force Court of Military Review.

9 June 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Edward F. Rodriguez, Jr., USAFR.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

### DECISION

ARROWOOD, Judge:

The Specification of Charge I alleges that the accused attempted to violate Air Force Regulation 30–2, dated 8 November 1976, by wrongfully selling cocaine. This regulation only prohibits the sale of nonnarcotic drugs that are habit-forming or have a potential for abuse because of their stimulant, depressant, or hallucinogenic effect. This category includes but is not limited to: amphetamines, barbiturates, LSD (lysergic acid diethylamide), mescaline, STP (4 methyl-2 demethoxy-amphetamine), and psilocybin. The sale of cocaine, defined by this regulation as a narcotic drug, is not prohibited by this regulation and is punishable only under Article 134, Uniform Code of

Military Justice, 10 U.S.C. § 934. Therefore, this specification fails to allege an offense. See *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976); *United States v. Hoesing*, 3 M.J. 1058 (A.F.C.M.R.1977).

Evidence to support the remaining charges was obtained primarily from three airmen who came to the accused's home to purchase the drugs. Defense counsel requested an accomplice instruction with regard to their testimony. The military judge agreed that Airman Hildebrand, the actual purchaser of the drugs was an accomplice as a matter of law and so instructed the court. He refused however, to give an accomplice instruction of any kind with regard to the testimony of Airmen Andrews and Brown, the individuals who had accompanied the purchaser, Hildebrand.

Hildebrand testified that Andrews was in his room when "we" called the accused to see if he had any drugs for sale. Brown stated that he also received a call and shortly thereafter came by Hildebrand's room and provided the transportation to the accused's home "to purchase some drugs." There were several other people at the accused's home when they arrived, but the drug transactions were handled openly within clear view and with the knowledge of everyone present. All three admitted sampling the drugs being purchased and using other drugs while in the accused's home. Upon their return to the barracks, they again "tried out" the drugs. The purchase in this instance was made by Hildebrand with his own funds; however, he had supplied drugs to both Andrews and Brown and actually supplied Andrews with some of the drugs that were purchased from the accused.

■■ If there is no evidence on which the court can find the witness to be an accomplice, the issue should not be submitted to the court. If, on the other hand, the evidence is controverted as to whether in fact the witness is an accomplice, the issue should be submitted to the court on proper instructions from the military judge. *United States v. Hopewell*, 4 M.J. 806 (A.F. C.M.R.1978); *United States v. McCue*, 3 M.J. 509 (A.F.C.M.R.1977), and cases cited therein. Mere presence at the scene is not sufficient to make one an accomplice, but one is an accomplice when he becomes culpably involved in the crime. *United States v. Garcia*, 22 U.S.C.M.A. 8, 46 C.M.R. 8 (1972); *United States v. Pope*, 3 M.J. 1037 (A.F.C.M.R.1977).

■ In this case, Hildebrand, Andrews and Brown went to the accused's home with a common purpose, to secure drugs. Each actively participated in carrying out the objective, both at the accused's home and later back at the barracks. The holding by the military judge that only Hildebrand was an accomplice, as he provided the funds for the purchase, ignored the realities of the situation. The evidence indicates that Andrews and Brown were not mere bystanders, but were actively involved in the evening's transactions. Even if the military judge was not satisfied that Andrews and Brown were accomplices as a matter of law, the nature of the evidence in this case required that he submit the issue to the court on appropriate instruction. His failure to do so is error. *United States v. Moore*, 2 M.J. 749 (A.F.C.M.R.1977).

Accordingly, all findings of guilty are set aside. A rehearing may be ordered.

EARLY, Chief Judge, and ORSER, Judge, concur.