**UNITED STATES, Appellee,**

v.

**Larry CHAMBERS, Private First Class, U.S. Army, Appellant.**

No. 35,547.

CM 436388.

U. S. Court of Military Appeals.

May 7, 1979.

For Appellant—*Colonel Edward S. Adamkewicz, Jr., Major Carlos A. Vallecillo, Major Benjamin A. Sims* (on brief); *Colonel Robert B. Clarke.*

For Appellee—*Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Lee D. Schinasi, Captain Harry J. Gruchala* (on brief).

Opinion

COOK, Judge:

Review was granted to consider two questions. The first concerns the exercise of court-martial jurisdiction over transactions with prohibited substances. The record indicates these transactions physically occurred in civilian communities near Fort Campbell, Kentucky. From the evidence, the trial judge could reasonably find the accused knew the transferee was a member of the military and that he proposed, immediately after each transaction, to return to the military installation, with the intention, variously, of selling and using some of the substances at "a party in the barracks." The trial judge and the Court of Military Review concluded these circumstances demonstrated so flagrant a flouting of military authority as to establish sufficient military significance in the commission of the offenses to justify the exercise of court-martial jurisdiction. We agree.

The contention presented in the second assignment of error was considered in *United States v. Hoesing*, 5 M.J. 355 (C.M.A. 1978), and decided adversely to the accused. Accordingly, the decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I concur in the first assignment as to jurisdiction. I concur in the result as to the second assigned error. *Cf. United States v. Thurman*, 7 M.J. 26 (C.M.A.1979).

PERRY, Judge (dissenting):

I dissent. At no time did the appellant engage in conduct prohibited by the Uniform Code of Military Justice for which he was charged while on post at Fort Camp-

bell. Indeed, the military judge stated ". . . there simply was no on post contact." One witness for the Government testified that all conversations, arrangements and deals took place "between Casey's Mobile Home Park and Terrell's Mobile Home Park. Casey is in Clarksville, Tennessee and Terrell Mobile Park is located in Oak Grove, Kentucky." Likewise, the Court of Military Review recognized that the entire transaction occurred off post. The Court of Military Review rested its holding partially upon the testimony of a witness for the Government that the appellant was told that the drugs were to be taken back to the post for sale and that the purchaser intended to use some of it to have a party in the barracks. In my view, knowledge that another person intended to carry the narcotics to the military base would not confer jurisdiction upon a court-martial to convict the appellant of the various offenses of possession, sale and transfer of narcotics which are at issue in this case.