### UNITED STATES

v.

**Sergeant Gene C. GOODSON, FR 243–84–6352 United States Air Force.**

ACM S24694.

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 July 1978.

Decided 11 June 1979.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr. Mr. Glenn F. Armstrong and Captain Phillip G. Tidmore filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. and Captain Robert T. Mounts.

Before EARLY, HERMAN, OSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

Trial defense counsel contend that the government lacked jurisdiction to try the accused for the possession and transfer of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C.A.

§ 934, since the offenses occurred off the military installation and were not service connected. Appellate government counsel argue that even through the offenses occurred off the installation the facts surrounding the commission of the offenses were sufficient to warrant the exercise of jurisdiction by the military.

■ The record indicates these transactions physically occurred in civilian communities near Barksdale Air Force Base, Louisiana. The accused knew the transferee, an informant for the Air Force Office of Special Investigation (OSI), was a member of the military and had originally solicited him to purchase the marijuana while the transferee was on duty at the base hospital. This was only one in a series of conversations concerning the transfer of drugs between the accused and the informant which took place while they were on duty at the hospital. Other related conversations took place at the same location between the accused and a second informant who was also involved in the offenses charged. Further, throughout the dealings with the accused, the informant related to the accused that he was purchasing the drugs for a military officer who was a pilot assigned to the bomb wing located on the base, and on one occasion the accused even talked on the telephone with an OSI agent who pretended to be the pilot.

The investigation of the offenses was conducted primarily by the OSI, but the arrest was made by local police who accompanied the OSI at the time of the "bust". The prosecutors of both local courts having jurisdiction over the off base offenses declined jurisdiction in favor of the military, each sharing the opinion that "the interest of justice would be better served if the United States Air Force would assume jurisdiction."

Essential underlying negotiations occurring on base resulting in a course of conduct to provide drugs to military personnel constitutes a threat to both military personnel and property. *United States v. Trottier*, 4 M.J. 916 (A.F.C.M.R.1978), pet. granted, 5 M.J. 218 (C.M.A.1978); *United States v. Huff*, 4 M.J. 731 (A.F.C.M.R.1978), pet. denied, 5 M.J. 121 (C.M.A.1977); *United States v. Miller*, 3 M.J. 649 (A.F.C.M.R. 1977), pet. denied, 5 M.J. 200 (C.M.A.1977). The immediate proposed transfer of the drugs to a pilot assigned to the base demonstrates a flagrant flouting of military authority as well as a threat to military personnel. See *United States v. Chambers*, 7 M.J. 24 (C.M.A.1979).

We cannot overlook the opinions of the local prosecutors, who, given the responsibility to enforce the law in an area where the large military base is located, believe it is in the best interest of both their community and the military that they "decline to prosecute in favor of military jurisdictional interest."

In light of the foregoing, we find that the military interest in determining these offenses is distinct from and greater than that of the civilian society, and justifies the exercise of court-martial jurisdiction. *United States v. Chambers* and *United States v. Trottier*, both supra.

■ In a second assignment, appellate defense counsel have cited numerous occasions during the trial when the testimony of both the accused and the informants referred to uncharged misconduct. They allege that the military judge's failure to limit the court's consideration of such evidence was error. In this instance, however, each reference to uncharged misconduct was related to the offenses charged. The evidence rebutted the accused's claim of entrapment or denials of drug involvement and was interwoven with the negotiations preceding the charged offenses. This evidence of uncharged misconduct was "part and parcel" of admissible evidence of the offenses charged and, as such, did not require a limiting instruction. *United States v. James*, 5 M.J. 382 (C.M.A.1978); *United States v. Tobin*, 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968); *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977, pet. denied, 3 M.J. 483 (C.M.A.1977); *United States v. Buchanan*, 37 C.M.R. 927 (A.F.C. M.R.1967), pet. denied, 17 U.S.C.M.A. 646, 37 C.M.R. 470 (1967).

Two errors at trial prejudicially affected the sentence. The government concedes that the specification alleging possession of marijuana is multiplicious for sentencing purposes with one of the specifications alleging transfer of marijuana. However, the military judge failed to instruct the court that they should consider these offenses as one in determining their sentence. Even though this would not have changed the maximum punishment in this trial by special court-martial, there is no way to determine the importance the court gave to each of the three separate offenses.

 The second error arises from trial counsel's argument on sentence, in which he stated:

> Consider where he works, he works in the hospital where he is charged with caring for sick people, military as well as non-military patients, and can we be guaranteed that these people receive the care they need if it is known he is a seller of drugs. Will a seller of drugs be tolerated among those responsible for their care, I think, of course, that this makes an even more serious punishment necessary.

The offenses charged were not facilitated by the accused's position in the base hospital, nor did he abuse his status in committing them. Therefore, arguing his duty assignment as an aggravating factor was improper. Appellate government counsel agree that our decision in *United States v. Moore*, 6 M.J. 661 (A.F.C.M.R.1978), is dispositive of this issue. See *United States v. Collins*, 3 M.J. 518 (A.F.C.M.R.1977).

The remaining errors assigned are without merit or were discussed in the outstanding review of the staff judge advocate and properly resolved adversely to the accused.

 In reassessing the sentence we have taken into consideration the errors discussed above, and have given much weight to the many clemency recommendations submitted on behalf of the accused, particularly his exemplary duty performance as an aeromedical specialist since his release from

confinement on 28 September 1978 until he was placed on excess leave on 5 February 1979. On the basis of this and the entire record we find appropriate only so much of the sentence * as provides for confinement at hard labor for three months and reduction to the grade of airman basic.

Accordingly, the findings of guilty and the sentence, as modified, are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.

---

* The approved sentence was a bad conduct discharge, confinement at hard labor for three months and reduction to the grade of airman basic.