UNITED STATES, Appellee,

v.

Lewis E. WRAY, Private First Class, U. S. Army, Appellant.

No. 35,345.
SPCM 12656.

U. S. Court of Military Appeals.

Oct. 20, 1980.

For Appellant: *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain William B. Ramsey* (on brief); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Elliot J. Clark, Jr., Captain Charles E. Trant, Captain D. David Hostler.*

For Appellee: *Colonel Thomas H. Davis, Colonel R. R. Boller, Major Steven M. Werner, Captain Richard A. Canatela* (on brief); *Major David McNeill, Jr., Major Ted B. Borek, Captain Robert D. Higgenbotham, Captain Harry J. Gruchala.*

Opinion of the Court

PER CURIAM.

Before a special court–martial held at Fort Hood, Texas, the appellant was found guilty of absence without leave, failure to go to his appointed place of duty, disrespect toward a superior commissioned officer, assault and battery on a superior commissioned officer, disobedience of a superior officer, and breaking restriction, in violation of Articles 86, 89, 90 and 134, Uniform

Code of Military Justice, 10 U.S.C. §§ 886, 889, 890 and 934, respectively. Afterwards he was sentenced to a bad–conduct discharge, confinement at hard labor for 4 months, forfeiture of $240.00 pay per month for 4 months, and reduction to Private E–1. The convening authority reduced the confinement to 89 days and the forfeiture to a period of 3 months. Subsequently, the United States Army Court of Military Review affirmed the findings and sentence. We granted review to determine whether the military judge committed reversible error by not instructing the court members sua sponte on the limited use of any evidence received at trial which tended to show uncharged misconduct.

■ In the case at hand, the appellant has identified three instances of uncharged misconduct, on which—according to the appellant's present view—the military judge should have given limiting instructions.[1] First, the court members were apprised that the appellant's pretrial restraint status changed from mere restriction to confinement. Second, in explaining to the court members why he failed to go to his appointed place of duty—one of the charges for which appellant was on trial—he mentioned that he had been in civilian confinement at the time scheduled for a formation. Third, in connection with the same charge, the appellant testified that he had never stood a pay day formation in his company and "I have no knowledge of any muster."

We note, however, that during the trial, trial counsel inquired "whether or not an instruction concerning uncharged misconduct should be given, since there certainly has been evidence of substantial uncharged misconduct on occasion previous." Then, upon further inquiry by the military judge of the defense counsel as to whether he wanted the court members instructed on uncharged misconduct, defense counsel stated, "We don't want it. The defense feels that it would merely draw attention to

what has been said." Thereupon the military judge asked the defense counsel whether he would just want "a general statement as to uncharged misconduct," but again the defense declined the invitation.

The Government now argues that the facts of this case entitle it to a summary disposition of the granted issue. It relies on a footnote in United States v. Fowler, 9 M.J. 149, 150–51 n.3 (C.M.A.1980), which reads:

"In an adversary system of criminal justice, there is no right more essential than the right to the assistance of counsel." Lakeside v. Oregon, 435 U.S. 333, 341, 98 S.Ct. 1091, 1096, 55 L.Ed.2d 319 (1978). In view of the special responsibility of a defense counsel to safeguard the accused's interests, it seems anomalous to hold that a military judge has erred in acceding to a defense counsel's request that a certain collateral instruction not be given—especially where it is apparent that there is a rational basis for this request in trial tactics. Cf. United States v. Crigler, 10 U.S.C.M.A. 263, 27 C.M.R. 337 (1959), holding that an accused cannot complain of instructional wording which his counsel proposed. Rule 105 of the Military Rules of Evidence, which take effect on September 1, 1980, goes even further by removing the sua sponte responsibility of the military judge to instruct on uncharged misconduct, except when failing to instruct would constitute plain error under Rule 103(d).

■ Indeed, in cases like the one at hand, there is no reason for adhering to the anomaly of finding error when the military judge follows the request of defense counsel in omitting an instruction on a collateral matter. In view of the defense counsel's responsibilities–and assuming even minimal competency on the part of the defense counsel–his tactical choice can appropriately be honored by the military judge.[2] This is

1. In the appellant's subsequent Motion for Leave to File Supplemental Reply, at page 4, he concedes that the disobedience to Captain Pasko's order was not uncharged misconduct since

specification 2 of Charge 1 encompasses the incident.

2. Of course, the duty to properly instruct the court members does not belong to counsel but

especially true where, as here, the defense counsel's stated determination is one for which a rational basis can readily be perceived. *Cf. United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). Whether or not the matter now referred to by appellant constitutes "uncharged misconduct," to reverse this military judge for acceding to the defense counsel's request that he not instruct on uncharged misconduct—and thereby to assure that in future cases other military judges will not accede to similar requests—would unduly disparage the role of defense counsel in criminal justice administration.

An analogy can be suggested. In *Lakeside v. Oregon, supra,* the Supreme Court ruled that it did not violate a defendant's constitutional rights for a trial judge to instruct over his objection that no adverse inference could be drawn from his decision not to testify. In so ruling, the Court pointed out, "It is the judge, not counsel, who has the ultimate responsibility for the conduct of a fair and lawful trial." *Id.* at 341–42, 98 S.Ct. at 1096. It also remarked, "It may be wise for a trial judge not to give such a cautionary instruction over a defendant 's objection. And each State is, of course, free to forbid its trial judges from doing so as a matter of state law." *Id.* at 340, 98 S.Ct. at 1095.

In like manner, we hold that although the military judge would not have erred in giving a limiting instruction on uncharged misconduct over the objection of defense counsel, compliance with the defense request also did not constitute error.

The decision of the United States Army Court of Military Review is affirmed.

---

always remains with the trial judge. As to certain instructions, the judge is required to give them even though the accused or his counsel might request otherwise. For example, the military judge must instruct that an accused is presumed innocent until guilt is established be-yond a reasonable doubt, *see* Article 51(c), Uniform Code of Military Justice, 10 U.S.C. § 851(c), and he must instruct on the voting procedure, *see* Article 52, UCMJ, 10 U.S.C. § 852.