**UNITED STATES**

v.

**Senior Airman Adelina MENDOZA, FR 075–56–0914 United States Air Force.**

**ACM 24145.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 July 1983.

Decided 23 May 1984.

Appellate Counsel for the Accused: Ms. Elaine Moore Hebard, Alamogordo, New Mexico 88310, Colonel Leo L. Sergi, Major Alexander S. Nicholas, and Lt. Colonel Alfred E.T. Rusch, USAFR. Captain Rory L. Rank filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Contrary to her pleas, the accused was convicted of two specifications of larceny and conspiracy to commit larceny. She assigns four errors for our consideration. We find it necessary to discuss only two. These are that the case should be remanded to the convening authority for a new action after consideration of the accused's response to the staff judge advocate's review and that the evidence was insufficient to prove the offense of conspiracy. Having considered the errors assigned, we affirm.

### I

A chronology of events after trial is necessary to fully understand the first assignment of error. The trial was completed on 13 July 1983; the record of trial was finished on 11 August 1983, and the staff judge advocate review is dated 29 September 1983. The record and the review were received by the civilian defense counsel, who was retained for the sole purpose of post-trial representation, on 4 October 1983. The response authorized by *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), was allegedly placed in the mail on 12 October

1983 after an intervening three-day weekend, but was not received by the convening authority. After numerous attempts to contact civilian defense counsel, the convening authority took his action on 22 October 1983. Civilian defense counsel avers * that her *Goode* response was returned by the post office on 5 November 1983 because the postage required either had not been affixed to the package or had fallen off. It was again placed in the mails on 8 November 1983 and received by the convening authority on 14 November 1983.

■ At the outset we hold that the five days which defense counsel are afforded by *United States v. Goode, supra,* in which to respond to the staff judge advocate review are five calendar days (including weekends and holidays), not five work days. This is the rule for the five days required between service of charges and trial, U.C.M.J., Article 35, 10 U.S.C. § 835; *United States v. Nichols*, 2 U.S.C.M.A. 27, 6 C.M.R. 27 (1952), and for the five days allowed for the presumption under Article 123a, U.C.M.J., 10 U.S.C. § 932a; *United States v. O'Briant*, 32 C.M.R. 933 (A.F.B.R.1962). We see no reason in logic or practice why the rule should be different for the *Goode* response. *See also United States v. Schreck*, 10 M.J. 226, 228 (C.M.A.1981). Accordingly, we note that even had the *Goode* response been properly mailed, it would have been late and the convening authority would not have had to delay his action further.

■ That is not to say, however, that the matters raised by civilian defense counsel in her response were waived. Defense counsel explained the reason the response was not timely filed and it is obvious that the failure was not the result of choice. Thus, we will not invoke waiver. *United States v. Babcock*, 14 M.J. 34 (C.M.A.1982). Rather, we must determine whether remedial action is required. Only one of the four matters raised pertains to the adequacy of the review *per se. United States v. Kincheloe*, 14 M.J. 40 (C.M.A.1982). That is that the punishment adjudged should be

---

* The defense motion to file documents dated 10 February 1984 is GRANTED.

lessened. We note that the convening authority suspended all confinement which had not already been deferred. Thus, the accused suffered no prejudice and further relief is not warranted. Accordingly, we see no reason to return the record for a new review and action but will address the remaining matters *infra.*

## II

■ The accused next contends that the evidence was insufficient to establish the conspiracy charged. In this regard we first look to what credible evidence is available for this determination. One of the witnesses, Airman C, who was allegedly one of the accused's co-conspirators, according to the government's theory of the case, testified that virtually none of the charged offenses occurred. During cross-examination, however, he was shown a statement that he had given to the Office of Special Investigations (OSI) which related in detail how the offenses occurred. This statement was not under oath. Although Airman C denied making any of those statements, the OSI agent who had taken notes during the interview and wrote the statement signed by Airman C, testified that all of the statement accurately reflected what Airman C said during the interview. The statement was admitted into evidence without objection. Additionally, the military judge *sua sponte* admitted the OSI agent's interview notes as an appellate exhibit and stated that he would consider the notes in deciding the merits of the case. Although the military judge is ordinarily presumed to know the law and apply it, *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970), from this turn of events we infer that he also considered Airman C's statement, which was derived from the notes, on the merits rather than simply for impeachment purposes. This was error. Mil.R.Evid. 613, 802.

■ Error not of constitutional dimension may be found harmless only upon the determination either that the finder of fact was not influenced by it, or that the error

had but a slight effect on the resolution of the issues of the case. *United States v. Barnes*, 8 M.J. 115 (C.M.A.1979). We find that the aforementioned error in this case had but a slight effect on the resolution of the issues of this case in light of other compelling evidence of guilt. Because of Airman C's statement to the OSI we find the credibility of his testimony at trial totally destroyed. Thus, in determining whether the evidence is sufficient to establish the charged conspiracy, we will ignore both Airman C's testimony and his prior inconsistent statement which are in irreconcilable conflict.

■ Airman P, another co-conspirator, also testified. Although he is an accomplice, *United States v. Scoles*, 14 U.S.C. M.A. 14, 33 C.M.R. 226 (1963), and his testimony is only partially corroborated, we find his version of the facts to be credible and believable. *See United States v. Rehberg*, 15 M.J. 691 (A.F.C.M.R.), *pet. denied*, 16 M.J. 185 (C.M.A.1983).

The accused denied that any of the offenses occurred and has a good reputation for honesty. In spite of this, the testimony of Airman P indicates the following factual pattern. For some time prior to the charged offense, Airman P and Airman C were engaged in a criminal enterprise, the object of which was to steal government property for each other's benefit. C would provide government furniture to P from a warehouse which he supervised, and P would supply auto parts and equipment stolen from his workplace in return. The accused was well aware of this criminal enterprise.

The accused and P worked together in the transportation squadron where the accused had direct access to auto parts and supplies. Late in the summer of 1981, the accused approached P about obtaining some furniture. We infer that she did this because she knew of P's connection with C and because P was well known as an illicit source for government property. P initially wanted the accused to deal directly with C; however, the accused wanted to deal

through P. P conveyed the accused's furniture request to C.

After apparently making arrangements with C, P told the accused to go to the housing supply warehouse and pick out the furniture she wanted. She did so. About one week later, the accused, together with both P and C, drove to Holloman Air Force Base in C's pick-up truck. All three parties loaded furniture into a government truck and took it to a commercial storage warehouse in El Paso, Texas, to which the accused had the keys, where it was stored. In addition to the furniture, they stole two television sets, one of which went to P and the other to C.

About a week later, P gave the accused a list of auto parts that C wanted in exchange for the furniture. The accused asked P how to obtain these parts and he advised her to obtain them through her duty section, which was responsible for ordering parts for government vehicles. The accused apparently did this and P helped her deliver some of the parts to C later that day. Later, P and the accused delivered some tires to C apparently in further satisfaction of the arrangement. Some months later, the accused received a television set pursuant to a similar arrangement in return for which C gave her another list of auto parts.

At trial, P testified that he had an understanding with C whereby C supplied him with furniture and he then supplied C with auto parts in return. He also testified that although he had no tacit agreement with the accused, he understood C and the accused to have an agreement to steal government furniture in much the same way that he and C did. The reason for this understanding on his part was that everything they took was government property and the way it was taken was "sneaky", i.e., always on the lookout for OSI.

Surprisingly, rather than charging the accused with conspiring to steal government property with P *and* C, as recommended by the investigating officer, the government simply charged the accused with conspiracy with P alone. The accused now alleges that the prosecution failed to prove that she conspired with P. We disagree.

The scope and extent of a conspiracy must be determined from the available record. *United States v. Kidd*, 13 U.S.C. M.A. 184, 32 C.M.R. 184 (1962). Its existence may be proved by circumstantial as well as by direct evidence. *United States v. Salisbury*, 14 U.S.C.M.A. 171, 33 C.M.R. 383 (1963); *United States v. Brown*, 9 M.J. 599 (A.F.C.M.R.), *pet. denied*, 9 M.J. 413 (C.M.A.1980). As the M.C.M., 1969 (Rev.), para. 160, states:

> The agreement in a conspiracy need not be in any particular form nor manifested in any formal words. It is sufficient if the minds of the parties arrive at a common understanding to accomplish the object of the conspiracy, and this may be shown by the conduct of the parties. The agreement need not state the means by which the conspiracy is to be accomplished nor what part each conspirator is to play.

In this case we are convinced that C and P had an agreement to steal government furniture and auto supplies. Although the accused may not have specifically agreed with P to form a conspiracy, the conduct of the parties indicates that they arrived at a common understanding that she would join the conspiracy which already existed between P and C. Thus, the proof is sufficient to find the accused guilty of the charged conspiracy.

■■■■ In actuality, the problem here is not one of sufficiency of the evidence, but of variance between the pleadings and proof. The evidence showed that the accused conspired with both C and P, but she was charged with conspiracy with only one, P. An accused is not entitled to relief because of variance between pleading and proof except where such variance has resulted in prejudice. Prejudice may result from inadequate information regarding the charge, surprise, inability to prepare a defense, or insufficient protection against subsequent prosecution for the same of-

fense. *See Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

None of these situations is involved in this case. The accused was adequately informed of the charge and is fully protected from subsequent prosecution. Under these circumstances, any variance which may have existed between the specification alleged and the proof at trial was nonprejudicial.

We have considered the remaining errors assigned and resolved them adversely to the accused. Accordingly, the approved findings of guilty and the sentence are AFFIRMED.

KASTL, Senior Judge, and CANELLOS, Judge, concur.