## UNITED STATES

v.

Sergeant Steven M. DAGGER, FR 206–48–2121, United States Air Force.

ACM 25114.

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 Nov. 1985.

Decided 8 Oct. 1986.

Appellate Counsel for the Appellant: Mr. William J. Holmes, Virginia Beach, Va., Colonel Leo L. Sergi, Captain Deborah J. Hudspeth and Captain Raymond J. Hardy, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major David F. Barton and Captain Teresa J. Stremel, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

Despite his pleas to the contrary, the appellant was found guilty by members of wrongful use and possession of marijuana, wrongful solicitation of an airman to use marijuana on divers occasions, wrongful solicitation of an airman to make a false official statement, and obstruction of justice. He was found not guilty of wrongful use of amphetamines and wrongful solicitation of an airman to use amphetamines. His adjudged sentence was dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to airman basic.[1] The convening authority, having been advised of an instructional error relating to the offense of wrongful solicitation to make a false official statement, set aside the finding of

---

1. The sentence, as originally announced by the president, omitted reference to reduction in grade. However, the announcement was subsequently corrected on the record with no objection by trial defense counsel. R.C.M. 1007(b).

guilty as to that specification and approved only so much of the sentence as provided for dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to airman basic. Appellant has assigned five errors, two of which merit our consideration.

I

Airman First Class James A. LaFrance, one of the two key witnesses for the prosecution, testified that he saw a substance which he identified as marijuana in appellant's trailer on an unspecified date in November 1984. Appellant, he said, had confided to him prior to his visit to the trailer, that he had marijuana present there on an earlier occasion. Airman LaFrance testified further that appellant rolled some of the marijuana into a cigarette and passed it to others who were present. Additionally, Airman LaFrance testified, the appellant placed some of the marijuana into a pipe and passed it around to the others. On cross-examination, he admitted that he had not included details concerning appellant's statement that he had marijuana in the trailer earlier or what he had witnessed the appellant doing with the marijuana in statements he had provided to investigators some months prior, in May 1985. In later testimony on redirect examination, Airman LaFrance noted that these details had been related by him more recently during the Article 32, U.C.M.J., 10 U.S.C. § 832, investigation.

In obvious, but unstated, reference to this aspect of Airman LaFrance's testimony, the military judge instructed the members, in pertinent part, as follows:

> ... Now, you've also heard evidence that Airman LaFrance made a statement prior to trial that may be consistent with his testimony at this trial. If you believe that such a consistent statement was made, you may consider it for its tendency to refute a charge of any recent fabrication or any improper motives. You

may also consider the prior consistent statement as evidence of the truth of the matters expressed therein.[2]

Mil.R.Evid. 801(d)(1)(B); Department of Army Pamphlet 27-9, *Military Judges' Benchbook*, 1 May 1982, para. 7–11. Defense counsel did not object to the instruction. Therefore, we must determine whether the military judge committed plain error in giving it. R.C.M. 920(f).

■ It is clear from the record that defense counsel attempted to establish that Airman LaFrance had a motive for falsifying, or embellishing, his testimony at trial. *Compare United States v. Browder*, 19 M.J. 988 (A.F.C.M.R.1985) (discussion of use of prior consistent statement to rebut charge of recent fabrication). Appellant's counsel, through cross-examination, elicited information that Airman LaFrance had received nonjudicial punishment for marijuana involvement in April 1984, but had been allowed to remain in the Air Force. When he was subsequently questioned by investigators in May 1985 about the incident at appellant's trailer, he was advised that it would be in his interest to cooperate. The inference appeared to be that he could face harsh consequences for his continued marijuana involvement, but this point was not fully developed on the record. In any event, the implied pressure which the witness was under was no different at the Article 32 hearing which followed than it was at appellant's trial.

Following our reasoning in *United States v. Nelson*, 21 M.J. 711 (A.F.C.M.R. 1985), *pet. granted*, 22 M.J. 344 (1986), it might appear that both the receipt into evidence of the witness' prior consistent statement during the Article 32 hearing and the military judge's instruction as to the members' consideration of this evidence were errors which must be tested for prejudice. However, we distinguish this situation from *Nelson*, wherein a child witness was found to be subject to the same alleged influence of her grandmother when

---

**2.** We will accept the witness' prior incomplete statement as being "inconsistent" for the purpose of our analysis. The details in question were the type that one would expect to be included in a complete account by the witness of what transpired at appellant's trailer.

she provided a prior consistent statement as she was at trial. In finding that the prior statement was erroneously considered, we stated: "It is logically impossible to rebut allegations of undue influence by introducing a statement produced while the speaker is still living under the influence of the person whose influence the rebuttal seeks to disprove." *Id.* at 713. Our review of the record satisfies us that, while Airman LaFrance was unquestionably subject to the same alleged influence during the Article 32 hearing as at trial, this influence also existed when he provided the statements which defense counsel contended were inconsistent. It was not "logically impossible" in this case for trial counsel to use the consistent statement to attempt to rebut the inference that the influence exerted by investigators caused the witness to add previously omitted details. We do not view the receipt of such testimony nor the prior consistent statement instruction as errors in this instance.

## II

Appellant claims that he was prejudiced by the failure of the military judge to instruct the members as to their consideration of uncharged misconduct. Mil.R.Evid. 404(b); Department of Army Pamphlet 27–9, *supra*, para. 7–13. Three instances of testimony which were received without a limiting instruction have been cited.

The first instance discussed in the brief submitted on appellant's behalf has already been alluded to in our prior discussion. Airman LaFrance testified that he had a conversation with appellant before visiting his trailer. Appellant allegedly advised Airman LaFrance that he had some marijuana at the trailer on a prior occasion.[3]

Airman LaFrance testified as to other charges. He stated that appellant wrongfully solicited him in May 1985 to retract a statement given to investigators in which he had implicated the appellant in the marijuana-related activity occurring in November 1984. Airman LaFrance testified further that in August 1985 appellant solicited him to give false testimony in the event appellant were to face trial. Both occurrences led to charges considered at trial, wrongful solicitation and obstruction of justice, respectively. Airman LaFrance was asked by the trial counsel about another conversation between himself and the appellant:

Q. Were there any other discussions with Sergeant Dagger between May of '85 and August of '85 in which he described any other incidents or other statements that had been made against him that you recall?

A. He had said that one person on his old base in North Dakota had written a statement on him concerning drugs and he went up to the person who wrote the statement's room with a baseball bat and told him he'd better go to the commander and tell the commander it was false.

Q. And did he tell you what the result was in that case?

A. I guess he got out of it.

The third cited incident of uncharged misconduct was referred to by the prosecution's other key witness, Senior Airman Grace Liu. She testified that appellant approached her one morning at her duty section, proffered one or two pills which he identified as "speed," and asked her if she wanted one. She declined, and the appellant ingested one of the pills. As a result of this incident, appellant was charged with soliciting another to wrongfully use an amphetamine and wrongful use of an amphetamine, of which offenses he was found not guilty. In relating the circumstances of her conversation with the appellant on that occasion, Airman Liu testified that she asked him why he looked so bad. His reply was that "he had a rough night and that he had used cocaine."

---

3. Appellant has not raised an issue that Airman LaFrance's testimony that he witnessed appellant transferring the substance he believed to be marijuana to others was evidence of uncharged misconduct which required an instruction. Our discussion of the issues which have been raised is dispositive of any question with respect to this testimony in any event.

It should be observed that the references to uncharged misconduct in this case did have a valid probative use other than "to prove the character of a person in order to show that the person acted in conformity therewith." Mil.R.Evid. 404(b). The conversation between Airman LaFrance and the appellant in which the latter reportedly said that he had marijuana at his trailer on a prior occasion was probative of the appellant's knowledge of the identity of the substance Airman LaFrance subsequently observed at the trailer. Appellant's admission that he had coerced another with a baseball bat at a prior duty station was probative of his intent with respect to the earlier alleged solicitation and the subsequent obstruction of justice. His admission to Airman Liu, more or less simultaneously with his offer to her of "speed," was circumstantially probative of the identity of the "speed" as an illicit drug, amphetamines.[4] The admissibility of all three references to misconduct not charged was enhanced by virtue of allegedly coming to the witnesses' attention through appellant's own words. *United States v. Stokes*, 12 M.J. 229 (C.M.A.1982). However, the thrust of appellant's claim on appeal is not an attack upon the basic admissibility of the testimony, but the lack of an appropriate instruction to the members which would serve to focus their attention on its legitimate probative value.

In *United States v. Grunden*, 2 M.J. 116, 119 (C.M.A.1977), the Court of Military Appeals declared a *sua sponte* obligation by the military judge to provide an appropriate instruction on uncharged misconduct evidence, in the strongest terms:

No evidence can so fester in the minds of court members as to the guilt or innocence of the accused as to the crime charged as evidence of uncharged misconduct. Its use must be given the weight of judicial comment, i.e., an instruction as to its limited use.

In the case before us the defense did not seek an instruction at trial. However, as appellant's counsel points out in his brief, we have previously held that even an affirmative request by the defense that a limiting instruction on uncharged misconduct not be given will not serve as a waiver and relieve a military judge of his *sua sponte* duty to instruct. *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977), *pet. denied*, 3 M.J. 483 (1977); *United States v. Hardy*, 3 M.J. 713 (A.F.C.M.R.1977), *pet. denied*, 3 M.J. 470 (1977).

The requirement for an instruction on uncharged misconduct was significantly redefined in *United States v. Wray*, 9 M.J. 361, 363 (C.M.A.1980), as follows:

... [W]e hold that although the military judge would not have erred in giving a limiting instruction on uncharged misconduct over the objection of defense counsel, compliance with the defense request also did not constitute error.

*Accord United States v. Fowler*, 9 M.J. 149 (C.M.A.1980); *United States v. Montgomery*, 5 M.J. 832 (A.C.M.R.1978), *pet. denied*, 6 M.J. 89 (1978) (no limiting instruction required for uncharged misconduct which is admitted as part of the *res gestae* ). The Court of Military Appeals has further reexamined the *Grunden* requirement for a *sua sponte* instruction on uncharged misconduct. In *United States v. Thomas*, 11 M.J. 388, 392 (C.M.A.1981), Chief Judge Everett noted that case law had "drawn a distinction for instructional purposes between uncharged misconduct which is inextricably related in time and place to the offenses charged and uncharged misconduct which lacks this nexus." He concluded that the military judge's obligation to instruct rests in the latter area. *United States v. Fowler, supra*, at 150, and *United States v. James*, 5 M.J. 382, 383 (C.M.A. 1978), both of which were cited by Judge Everett, support the view that the *sua sponte* instruction requirement "should not necessarily apply where the uncharged mis-

---

**4.** The findings of not guilty of wrongful solicitation of another to use amphetamines and wrongful use of amphetamines do not render the appellate issue moot. Appellant was found guilty of other drug-related activity. Thus, the potential prejudice of this evidence could have extended to other specifications.

**598**

conduct is part of the chain of events that leads to the consummation of the crime charged." This appears to be in general accord with military case law existing prior to *Grunden. See United States v. Tobin,* 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968).

■ In view of the foregoing, we conclude that the military judge did not have a *sua sponte* duty to instruct on uncharged misconduct in this case. Appellant's comments to Airman LaFrance on two occasions and to Airman Liu on one occasion were inextricable parts of the chain of observed events which led to the criminal offenses charged. It is true that appellant's comments to Airman LaFrance concerning an incident at a prior duty station did not have an identifiably close nexus in time and place to a charged offense. *United States v. Thomas, supra.* However, the record does establish that the remarks fell in sequence between two other conversations with the witness which served as bases for criminal charges. The remarks had no apparent purpose standing alone. The prosecution theory was that the remarks were intended to relate back to the prior solicitation and that they were in the minds of the parties during the subsequent overture by the appellant which the government successfully characterized as an obstruction of justice. Accordingly, they formed a link in the criminal chain of events.

■ Even if we were to conclude that the military judge had a *sua sponte* duty to instruct the members with respect to one or more of the references to uncharged misconduct, we would find no prejudice to the appellant. Our review of the trial counsel's two arguments on findings reveals that no improper reference was made to the appellant's remarks so as to imply that he was criminally disposed and acted in conformance with this disposition. The members were in no manner led to view the evidence in a light inconsistent with Mil.R. Evid. 404(b). Therefore, even if we were to find error in the military judge's failure to provide a limiting instruction, we would conclude that it was harmless error. Such

instructional error is waived through lack of a timely objection. R.C.M. 920(f).

We have examined the record of trial, the assignment of errors, the government's reply thereto, and the oral arguments of counsel and have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. *Strickland, et al v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. DiCupe,* 21 M.J. 440 (C.M.A.1986); *United States v. Mendoza,* 18 M.J. 576 (A.F.C.M.R. 1984), *pet. denied,* 19 M.J. 252 (1984). Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.